STEPHENS *v*. STEPHENS.

SUPREME COURT.—*Brief.—Rule 14.*—Under Rule 14 of the Supreme Court, where a cause is submitted on call or by agreement, and the appellant fails to file his brief within sixty days thereafter, the appeal will stand dismissed; and the operation of the rule will not be affected by the subsequent filing of a brief by the appellant and the failure of the clerk to enter the dismissal.

SAME.—*Divorce.—Subsequent Marriage.*—It is a good ground for the dismissal of an appeal to the Supreme Court from a decree of divorce, that the appellant and another person, not the appellee, have intermarried since the rendition of said decree, and are still living together as husband and wife.

From the Shelby Circuit Court.

*S. Major,* for appellant.

*B. F. Love* and *McDonald, Butler & McDonald,* for appellee.

PETTIT, J.—This was a suit for divorce and alimony, by the appellee against the appellant. The case was submitted by agreement, on the 25th day of November, 1874, but no brief was filed, by or for the appellant, till the 26th day of February, 1875, ninety-three days after the submission; and under Rule 14 of this court, 43 Ind., the case stood dismissed, for not filing a brief by the appellant in sixty days after the submission. The clerk's not having noted or entered the dismissal cannot annul, waive or invalidate the rule. Its plain meaning is, that when a case is submitted on call or by agreement, the appellant must file his brief within sixty days, or the appeal will be dismissed.

There is a plea filed in bar or estoppel of the assignment of errors, and asking that the appeal be dismissed, for the reason that the appellant has, since the decree of divorce, married another woman (naming her), and is now living with her as his wife.

To this plea the appellant, by way of reply, makes his affidavit, that since the decree of divorce he has married again, and is living with the woman last married as his wife;

but he asks this court to determine whether the appellee was properly and legally divorced from him. This we will not do. By his marriage after his divorce, in contemplation of law, he admitted that he was legally divorced from his former wife. *Garner* v. *Garner*, 38 Ind. 139. In such case, what would be the condition of his present wife, who married him in good faith after his divorce, and is now living with him as his wife? If we reverse the decree, then the appellee is the wife of the appellant, and his present wife is not such, but is living in adultery with him. *Garner* v. *Garner*, *supra*. His present wife is not a party to this suit, and we shall do her no such wrong as to say that she is living in adultery with her husband.

The appeal is dismissed, at the costs of the appellant.