JOHN BURGE

*v.*

SARAH BURGE.

1. CHANCERY PRACTICE — *vacating decree after default.* On application to vacate a decree rendered on default, the defendant must present an answer, showing a meritorious defense, or obtain time to prepare it; and this must be accompanied by an affidavit of its truth, and showing diligence, and all reasonable effort to answer and make his defense, and a sufficient excuse for not doing so in time to prevent the default and final decree.

2. Where no diligence to appear and defend in a suit for a divorce is shown, and the only excuse given for not doing so is, that the party did not know the cause would be tried at the return term, and no answer is presented, there is no error in refusing to open the decree and allow a defense, even if the allowance of such application was not a matter of discretion.

3. DIVORCE—*decree as to custody of children.* A decree giving a wife the custody of her children is not erroneous because it makes no provision for the father to visit and see them. He may do this, without such provision, at convenient and proper times, in a decent and respectful manner, and without using improper influences to dissatisfy them with their mother. If he abuses the privilege, he may properly be deprived of the right.

4. SAME—*modifying decree as to custody of children.*  If a father, after divorce by his wife and a decree giving her the custody of the children of the marriage, is refused the right to see them, he may apply, under section 18 of the Divorce act, for a modification of the decree so as to secure a reasonable enjoyjoyment of the right.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER, BROWN & RUSSELL, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Defendant in error filed a bill to obtain a divorce from her husband. A summons was issued on the 9th day of May, 1876, returnable to the first Monday of the following August. The writ was duly served on defendant, and on the 10th day of August, he failing to appear or make defense, a default was entered, the bill taken *pro confesso*, proofs were heard and the prayer of the bill allowed, and a divorce decreed. Nine days afterwards, defendant appeared and entered a motion, based on his affidavit, to set aside the default, and to be permitted to answer the bill. The motion was not accompanied by an answer, but it denied the material allegations of the bill. The court overruled the motion, and defendant brings the record to this court on error, and asks a reversal of the decree of the court below.

It is conceded that this motion was addressed to the discretion of the court, but it is urged that the court so far abused that discretion as to require that the decree should be reviewed and the order denying the motion be reversed, and plaintiff in error allowed to answer and make a defense.

It has been repeatedly held by this court that, on an application to vacate a decree, the defendant must, by affidavit, show vigilance, and accompany his application with a sufficient answer, showing a meritorious defense, before the court will vacate the decree and allow a defense. See *Dunn* v.

*Keegin*, 3 Scam. 292; *Grubb* v. *Crane*, 4 id. 153; *Norton* v. *Hixon*, 25 Ill. 456, and *Schneider* v. *Seibert*, 50 id. 284.

We regard the practice as well established that the party, when the motion is made, must present an answer, or obtain time to prepare it, setting up a meritorious defense, accompanied by an affidavit of its truth, and showing diligence and all reasonable effort to answer and make his defense and a sufficient excuse for not doing so in time to prevent the passing of the decree *pro confesso* and final decree.

Here, no answer was presented, and the affidavit showed none, the slightest, diligence to prevent the rendition of the decree. The only thing shown for an excuse was, that defendant did not know the case could be tried at the return term. The summons commanded him to appear and answer the bill on the first day of the term, and it was served on him by reading to and leaving a copy with him. He must, from the reading of the summons to him or by his reading the copy, have learned that he must appear and answer the bill on the first day of the term. We can not imagine that he did not know that fact, and yet he did not pay the slightest attention to the requirement; nor did he regard it until nine days after the final decree was entered. Such carelessness and indifference to his rights do not appeal to the court for relief. Hence, under the practice, whether it was or not discretionary for the court to allow the motion, there was no error in its refusal.

The court below heard the evidence in support of the bill, and, for aught that appears, it may have been so conclusive and overwhelming that the court was satisfied that it could not be overcome by any evidence plaintiff in error might be able to produce. If so, the court was not required to strain its discretionary power to permit a defense it knew would be unavailing. Parties must be held to a reasonable degree of diligence in prosecuting or defending their rights, and not be permitted to consult their mere convenience or caprice, after they are in the courts, to have their rights adjusted.

It is urged that the decree giving the care, custody, control

and education of the children to defendant in error is too broad, as it makes no provision for plaintiff in error to visit and see them. We do not see that this is error. We understand it to be his legal right to visit his children, at convenient and proper times, in a decent and respectful manner, and without using improper influences to dissatisfy them with their mother, or to influence them to go with him. He, of course, in visiting them, must be governed by the rules of propriety, and has no right, in any manner, to abuse the right, and if he should, he might properly be debarred the privilege. If he should be refused the right to thus see them, under the 18th section of the Divorce act he can apply to the court for a modification of the decree, so as to secure the reasonable exercise of the right.

The decree of the court below is affirmed.

*Decree affirmed.*