## William Scase v. Rolla Johnson.

1. DIVORCE—*who cannot attack decree of, entered nunc pro tunc.* Where both parties to a divorce proceeding remarry under the apparent supposition that they were divorced, the subsequent entry of a decree *nunc pro tunc* cannot be attacked by one of such parties.

Divorce proceeding. Error to the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

WINSLOW EVANS and GEORGE K. BEASLEY, for plaintiff in error.

GRANVILLE A. STULTZ and DAILEY & MILLER, for defendant in error; J. A. CAMERON, of counsel.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

On the tenth day of December, 1892, Carrie Scase filed a bill for divorce against William Scase in the Circuit Court of Vermilion county charging him with extreme and repeated cruelty and habitual drunkenness for more than two years last past prior to the time of filing said bill. Affidavit of non-residence was filed and publication had thereon for the statutory period. On the seventh day of February, 1893, being of the February term, 1893, of said court, the chancellor thereof made the following entry upon his docket: "Now comes said complainant, by her solicitor, and makes satisfactory proof of publication of notice of the pendency of this cause duly and legally made as required by law." At the May term, 1893, of said court, the chancellor thereof made the following entries and orders upon his docket: "Complainant makes proof of publication. Defendant defaulted. Decree *pro confesso.* Heard by court finding for complainant, decree of divorce granted complainant

against defendant as prayed. Complainant to pay costs.''

No formal decree of divorce was signed or recorded in said cause. Carrie Scase, shortly after such proceedings, in May, 1893, married one Rolla Johnson. She died in the year 1904, leaving said Johnson surviving her and he was appointed administrator of her estate in the Probate Court of Peoria county, where said Carrie Scase resided prior to her death. At the May term, 1905, of said Vermilion County Circuit Court said Rolla Johnson, upon notice given to plaintiff in error, applied to have a decree of divorce in said cause entered *nunc pro tunc;* whereupon William Scase moved to refer the cause to a master in chancery. The motion to refer was denied and a decree for divorce *nunc pro tunc* in favor of said Carrie Scase and against William Scase was duly signed and entered, to which action of the court said William Scase excepted and prosecuted a writ of error.

Upon the hearing had upon such petition by Johnson for a decree *nunc pro tunc,* it developed that said William Scase had, subsequent to the time of the making of the entries by the court above quoted, remarried and had always since his said marriage lived with, and at the time of the hearing was living with his wife, one Lydia Scase, at Ottumwa, in the State of Iowa.

Said plaintiff in error contends that the affidavit filed in said cause did not comply with the statute and that no notice was mailed to him of the pendency of the suit, by means whereof said court had no jurisdiction of the case and that the court had no power then to grant a divorce, nor any power, upon said hearing, to order a decree *nunc pro tunc.*

We hold that said William Scase is in no position to deny the sufficiency of the service in the proceedings, upon the validity and strength of which he has himself relied and again married. He is estopped to deny the validity of an act the benefit of which he has accepted.

Since the time the said court made the entries, above quoted, directing a divorce, each party to such suit has remarried. Many years have elapsed and it is only reasonable to suppose that William Scase, when he married, acted upon the belief that a decree in due form had been rendered.

To hold that he acted upon any other belief is to declare him guilty of bigamy and his children, if he has any, illegitimate. Public policy will not permit a man to profit by such a miserable pretext. If plaintiff in error, merely to share in Carrie Scase's estate, is now allowed to have the petition for decree of divorce *nunc pro tunc* denied, he not only disgraces himself, but subjects two women, one of them dead, to the implication of adultery and casts a stain upon children, if there be any born of either of such marriages, which no court can remove.

The decree of the court below was right and is affirmed.

*Affirmed.*