(No. 14454.—Judgment affirmed.)
DOROTHY GRIMM, Appellee, *vs.* HENRY GRIMM, Appellant.

*Opinion filed April 19, 1922.*

1. JUDGMENTS AND DECREES—*collateral attack—want of jurisdiction in circuit court must appear from the record.* As the circuit court is a court of general jurisdiction, its judgments and decrees are not subject to collateral attack for want of jurisdiction unless it appears from the record itself that the court was without jurisdiction to render the judgment or decree.

2. DIVORCE—*when divorce decree cannot be attacked by defendant in contempt proceeding for refusal to pay alimony.* A defendant to a contempt proceeding for refusing to pay alimony provided in a decree for divorce is estopped to attack the divorce decree on the ground that the marriage was void because entered into within a year after his previous divorce, where he admitted the validity of the marriage in answer to the bill without raising such question and where he has recognized the validity of the decree by paying a part of the alimony.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. A. C. CLIFFE, Judge, presiding.

CHARLES H. DARLING, for appellant.

J. BRUCE AMELL, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The circuit court of Kane county adjudged Henry Grimm guilty of contempt of court in refusing to pay Dorothy Grimm alimony as ordered in and by a decree for divorce and sentenced him to jail until it was paid or he was released by due process of law. The Appellate Court affirmed the judgment and sentence, and Grimm has brought the record to this court for review.

In answer to the rule to show cause why he should not be adjudged guilty of contempt, Henry Grimm alleged the decree for divorce and alimony was void; that the court had no jurisdiction of the subject matter of the suit for

the reason that the marriage between the parties was void. The grounds upon which the claim is based are, that Grimm had been married before he married Dorothy; that he was divorced from his first wife May 24, 1911, which was less than a year before he married Dorothy, which marriage took place January 3, 1912. The only question raised is whether he may show in this collateral proceeding that the decree was void for want of jurisdiction of the subject matter.

The bill for divorce alleged complainant and Henry Grimm were "lawfully married January 3, 1912, at Crown Point, Indiana," and lived and cohabited as husband and wife until January 27, 1919; that as the issue of the marriage they had a daughter, six years old; that defendant was guilty of habitual drunkenness for more than two years; that while intoxicated he quarreled with and ill-treated his family and made life so intolerable to complainant that she was compelled to take their child and leave his home. Defendant answered, admitting he and complainant "were lawfully married" January 3; 1912, and lived together until January 27, 1919. The answer denied the charges of drunkenness and bad treatment. A trial was had and a decree for divorce granted complainant. The decree finds the parties "were lawfully married and lived together until on or about the 27th day of January, A. D. 1919;" that there was born of the marriage Blanche Grimm, aged six years, and that complainant had conducted herself toward her husband as a faithful and dutiful wife. The decree finds the defendant had been guilty of habitual drunkenness for more than two years next before the bill was filed; that he was an unfit person to have custody and control of the child; that complainant was a fit and proper person to have the custody of the child, and it was awarded to her. The decree further found defendant was able to pay complainant for support of herself and child $50 per month, and he was ordered to pay her said sum every month, beginning

December 1, 1919, until the further order of the court. Defendant paid complainant $75 alimony after the decree was entered but refused to make any further payments, and at the time the contempt proceedings were begun he was in arrears $225.

No question of the court's jurisdiction of the parties to the divorce suit is raised. The contention is that the marriage of complainant and defendant took place within about eight months after defendant had been divorced from a former wife, and under the law of this State the marriage with complainant was void, and the court had no jurisdiction to dissolve it and grant any relief growing out of a void marriage. The circuit court is a court of general jurisdiction and has jurisdiction of the subject of divorce. The general rule is that judgments and decrees of such courts are not subject to collateral attack for want of jurisdiction unless it appears from the record itself that the court was without jurisdiction to render the judgment or decree. (*Matthews* v. *Hoff*, 113 Ill. 90; 15 R. C. L. sec. 358, p. 880; *Allen* v. *Huntington*, 16 Am. Dec. 702; *Williams* v. *Haynes*, 19 A. S. R. 752.) The matter here relied on as rendering the decree void for want of jurisdiction does not appear from an inspection of the record. Indeed, by his answer defendant himself admitted the validity of the marriage and the jurisdiction of the court to render the decree. If the matter now relied on is true, it was within the knowledge of defendant and he deliberately perpetrated a fraud on the court by concealing it. He cannot now be permitted to raise a question of the court's jurisdiction of the subject matter because he desires to avoid complying with the decree. He had the opportunity to present the question in the divorce proceeding he now raises, and in addition to the general rule above referred to is estopped to set up that matter in a collateral attack. (*Morrill* v. *Morrill*, 23 A. S. R. 95.) In the *Morrill case* the Oregon Supreme Court aptly said: "There must be an end to litiga-

302—33

tion, and where a party has an opportunity to present his defense and neglects to do so, the demands of the law require that he should take the consequences when the judgment or decree is sought to be enforced against him in a collateral proceeding." Grimm also acquiesced in the decree and recognized its validity by paying part of the alimony he was ordered to pay. According to his own statement he has again married since the divorce decree was entered, but he waited a year after that decree was rendered before marrying again. He is now estopped in this proceeding to deny the jurisdiction of the court to render the decree. *Denver City Irrigation and Water Co.* v. *Middaugh,* 13 A. S. R. 234; *Greene* v. *Greene,* 61 Am. Dec. 454, and note on p. 465. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*