Helen Pierotti, Appellee, v. Albert Pierotti, Appellant.

Gen. No. 45,119.

Opinion filed March 13, 1951. Released for publication April 6, 1951.

117

ALLEN, DARLINGTON & ELLIOTT, of Chicago, for appellant.

HUMPHREY W. SERRITELLA, of Chicago, for appellee; SAMUEL NINEBERG, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Helen Pierotti, plaintiff, filed her petition for a rule to show cause against Albert Pierotti, defendant, for failure to comply with the terms of a decree entered on April 11, 1945. Defendant filed a verified answer to the petition and thereafter filed a verified amended answer to the petition and the court entered an order ''that defendant's amended answer to plaintiff's petition for rule to show cause be and said amended answer is hereby stricken and defendant's petition to vacate said decree be and the same is hereby denied.'' Defendant appeals from that order.

On May 23, 1944, plaintiff filed her complaint against her husband. It alleged, *inter alia,* that on December 24, 1940, plaintiff was lawfully married to defendant at Chicago, Illinois; that there was one child born of the marriage, Gayle Ann Pierotti, who was about one year old; that on January 12, 1944, defendant deserted plaintiff and the minor and has since that date lived separate and apart from plaintiff, wholly without fault on her part. The complaint prayed for a decree of separate maintenance, for proper and suitable provision for the maintenance and support of plaintiff and their minor child, and that plaintiff be given custody of the child. Defendant was personally served with a summons. The record purports to show that on March 13, 1945, defendant was served, through the United States mail, with a notice that plaintiff would move the court for the entry of an order giving her

leave to file her amended complaint instanter, and on March 15, 1945, an order was entered granting leave to plaintiff ''to file her amended complaint for divorce instanter'' and ordering defendant to plead or answer the complaint within five days. The ''Amended Complaint for Divorce'' is the same in substance as the complaint save that it prays that a decree for divorce be entered. On March 28, 1945, a default order was entered against defendant for failure to file an answer, and it was ordered that the complaint be taken as confessed against defendant. On April 11, 1945, the trial court heard evidence. ''No one appeared for Defendant.'' It appears from the transcript of the evidence that plaintiff testified, *inter alia,* that she was then living with defendant's parents and that defendant told her that he left her ''for another woman.'' On April 11, 1945, a decree of divorce was entered. The decree provided that plaintiff have the sole care, custody, control and education of the minor child until the further order of the court; that defendant pay the sum of $25 per week, each and every week, for the support and maintenance of plaintiff and the minor child until the further order of the court; that defendant pay the sum of $150 for plaintiff's attorney's fees and court costs. On May 13, 1949, plaintiff, upon leave of court, filed her verified petition, which alleges:

''1. That she is the plaintiff in the above entitled cause, and that a Decree for Divorce was entered into on April 11, 1945.

''2. That the decree provided inter alia: 'That the defendant shall pay the sum of $25.00 per week, each and every week, as and for the support and maintenance of said plaintiff and said minor child until the further order of this Honorable Court.'

''3. That the defendant has failed wholly to meet the said order of court; that he is now in arrears in the

119

payment of said support monies, the extent of said arrearage being in excess of three (3) years or a total of $4,325.00 to the date of the filing of this petition.

"4. That the defendant is a well and able-bodied man, being steadily employed, earning a substantial salary and well able to make said payments.

"5. That your petitioner has reasonable cause to believe that the defendant herein may, as a consequence of the filing of this petition, perform acts or have acts performed on his behalf, which may cause physical injury to your petitioner or her present spouse, Charles Dobry; that, therefore, your petitioner does pray that the Honorable Court see fit to issue an injunction commanding the said Defendant, Albert Pierotti, to absolutely desist and refrain from in any way molesting, striking, harming or injuring this petitioner, or her present spouse, Charles Dobry.

"6. That your petitioner further states that she was married to Charles Dobry, and that she is now known as Helen Pierotti Dobry; that she was remarried on the 21st day of August 1948 at Chicago, Illinois; that she further prays that the support order entered in the Decree of Divorce herein, setting forth the amount of $25.00 per week as and for support for herself and the minor child of the parties hereto, be amended, so as to provide a reasonable figure for the support of the minor child, Gail Ann Pierotti, solely.

"7. That your petitioner was obliged to retain counsel in order to present this petition and ask for a reasonable fee to her attorney.

"Wherefore, your petitioner prays that a rule be entered against the defendant requiring him to show cause why he should not be held in contempt of court for failure to comply with the terms of the divorce."

Thereupon defendant filed the following *verified* answer to the petition:

"Now comes the respondent Albert Pierotti by Allen, Darlington & Elliott, his attorneys, and for his

answer to the petition of Helen Pierotti states as follows:

"1. *He admits the statements contained in paragraphs 1 and 2 of said petition.*

"2. Answering paragraph 3 of said petition, this respondent *denies that he has failed to comply with the terms of the Decree of Divorce in regard to support and maintenance and denies that he is in arrears or that he is indebted to the petitioner in any sum whatsoever on account of said support and maintenance of petitioner and the minor child of the parties hereto.*

"3. Further answering, *respondent affirmatively states that upon the entry of said decree of divorce this respondent arranged for a permanent and comfortable home for petitioner and the minor child of the parties at the home of this respondent's mother, Mrs. Rose Pierotti, at 2420 So. Western Avenue, Chicago, Illinois;* that petitioner agreed to and was fully satisfied and pleased with said arrangement; that this respondent also resided at his mother's said home *in his own separate quarters* and this respondent's mother devoted most of her time and attention to the raising of the minor daughter of the parties hereto; that this respondent paid to his mother the expenses of said arrangement, but failed and neglected to secure from petitioner any formal receipt or acknowledgment *that the terms of the decree of this court were being thus fully complied with, not thinking that said receipts were necessary.* Respondent further states that said agreed arrangement continued for a period of three years and four months up to and until August 21st, 1948, when petitioner herein married a certain Charles Dobry and moved away from the home of this respondent's mother, taking the minor daughter of the parties hereto with her, and took up residence with her new husband.

"4. In answer to paragraph 4 of said petition, this respondent states that he is and has been steadily

121

employed by Ziffrin Truck Lines, 2600 So. Halsted St., Chicago, Illinois, as a checker and his earnings average $62.50 per week; that at the time the decree was entered herein, his income averaged $45.00 per week; that this respondent was not represented by counsel at the divorce hearing, *and never objected to the entry of said support order of $25.00 per week because of the agreed arrangement above set forth.*

"5. Answering paragraph 5 of said petition, this respondent denies that any act, statement or conduct of his could have given petitioner any cause to believe that either she or her husband Charles Dobry would ever suffer any physical injury from him, and respondent states that said representations of pretended fears are wholly baseless and were fabricated for the sole purpose of prejudicing this respondent in his efforts to share in the custody of his daughter Gail Ann Pierotti, now seven years old, or to obtain reasonable visitation privileges with her; *respondent affirmatively states that petitioner, knowing that respondent was about to ask this Honorable Court for relief in that behalf,* caused the instant petition to be prepared and filed in anticipation thereof and that the present facts and relative circumstances of the parties are as follows:

"(a) *Your respondent has also remarried and maintains a comfortable and suitable home at 3122 So. Halsted St., Chicago, Illinois;* that petitioner and her husband Charles Dobry, together with your respondent's minor daughter Gail Ann Pierotti, make their home with said Charles Dobry's mother, Mary V. Dobry at 4034 W. Monroe St., Chicago, Illinois; that petitioner is employed at Powers Restaurant at Madison St. and Crawford Ave., Chicago, Illinois; that petitioner and her present husband Charles Dobry have attempted in the recent past to induce your respondent to consent to the adoption of respondent's minor daughter Gail Ann Pierotti by the aforesaid

Charles Dobry; that the said Charles Dobry has called upon the respondent on two occasions at respondent's place of business and was given to understand, in no uncertain terms, that this respondent would never entertain such a plan, that, on the contrary, this respondent desired the continued companionship, love and affection of his said daughter, and *that it was this respondent's intention to obtain his share in the custody, care and education of his said minor child;* that petitioner and her said husband Charles Dobry expressed their intentions to force this respondent to act in accordance with their wishes to the proposed adoption and to further their said purpose, this respondent states that the instant petition has been prepared and presented.

"6. That during the past several months and since her remarriage, petitioner has declared her ability to support and maintain the minor daughter of the parties hereto without aid or assistance from this respondent and refused to accept payments from him; that said petitioner further offered to release this respondent from any future payments for support and maintenance for said minor child if he would consent and agree to said adoption.

"7. Respondent denies that the petitioner is entitled to any of the relief prayed for in her petition and asks that said petition be summarily dismissed *and that the counter-petition of this respondent,* which follows herein, *be entertained in its place and stead."* (Italics ours.)

Defendant filed, at the same time, a counter-petition, in which he asks that an order be entered *"modifying that portion of the decree of divorce entered herein on April 11, 1945, awarding sole care and custody of said minor child to her mother, so as to provide that counter-petitioner be awarded the sole care and custody of said child or in the alternative that your counter-petitioner be allowed to share in said care and custody of said minor child."* (Italics ours.)

123

On September 30, 1949, on motion of defendant's attorney, the trial court entered an order granting leave to defendant to file instanter his amended answer to plaintiff's petition for the entry of a rule against defendant to show cause why he should not be held in contempt of court. On the same date defendant filed his verified amended answer to the petition, which reads as follows:

"1. He admits that on April 11th, 1945, a decree of divorce was entered herein in favor of plaintiff and against this defendant, but defendant further states that said decree of divorce is null and void and of no effect and that this court is without jurisdiction to enforce against this defendant any of the terms of the said void divorce decree.

"2. That said decree of divorce was entered upon plaintiff's amended complaint on grounds of desertion, but that an inspection of the record shows that it was legally impossible for this defendant to commit or be guilty of statutory desertion against the plaintiff, all of which is established on the face of the record as follows:

"(a) Plaintiff, Helen Pierotti, filed her original complaint in Chancery for Separate Maintenance in the above entitled cause against this defendant, on May 23rd, 1944, alleging that defendant, abandoned and absented himself from plaintiff on the 12th day of January, 1944, four months and ten days prior to said filing date; summons was issued the same day and on June 1st, 1944, said summons was returned reporting service on this defendant on the 25th day of May, 1944; on the 26th day of May, 1944, an order of court was entered granting plaintiff temporary support and maintenance of $15.00 per week; *defendant failed to enter any appearance or to file any defense;* no decree of separate maintenance was ever entered—the case remained pending and undisposed of.

"(b) Ten months later, plaintiff changed the form of her action and applied for a divorce; on March 15th, 1945, without defendant receiving any notice thereof, an order of court was entered granting plaintiff leave to file instanter an amended complaint for divorce—defendant to plead or answer within five days; no summons was issued against defendant on the amended complaint for divorce and no rule was entered and served upon him directing him to answer said amended complaint for divorce, and no appearance was entered by or for said defendant. On March 28th, 1945, an order of default was erroneously entered against defendant; plaintiff's amended complaint for divorce filed on March 15th, 1945, is a verbatim copy of her original complaint for separate maintenance, which remained in the record, with the exception that the amended complaint prays that 'a decree of divorce be entered herein', and the original and amended complaints setting forth plaintiff's alleged causes of action contain the following statement: 'Defendant wholly disregarding his duties to the plaintiff and their minor child, and without just provocation, on or about the 12th day of January, 1944, abandoned and absented himself from the plaintiff and their minor child and since the said date has lived separate and apart from the plaintiff, wholly without fault on her part'; that the period of the alleged desertion from January 12th, 1944, to March 15th, 1945, encompasses and includes the period during which the separate maintenance action was pending from the filing of the original complaint for separate maintenance on May 23, 1944, to the date of the filing of plaintiff's amended complaint for divorce on March 15th, 1945, contrary to the well settled law of this state of Illinois in reference to the statutory grounds of desertion as a basis for a decree of divorce; that omitting the ten months' period from May 23rd, 1944, to March 15th, 1945, during which

plaintiff's suit for separate maintenance was pending, the period of the alleged desertion on the face of the record encompasses only four months and ten days, instead of the statutory period of one year.

"(c) That an inspection of the transcript of the evidence preserved and filed of record herein shows that plaintiff in her testimony and plaintiff's supporting witnesses in their testimony included in the period of the alleged desertion the time during which plaintiff's suit for separate maintenance was pending herein against this defendant, contrary to the well settled law of this state in regard to the computation of the statutory period of desertion. The record further shows that upon the hearing of the evidence, plaintiff's attorney failed in his duty to apprise the court of the true condition of the record, but told the court that personal service had been obtained on defendant; the court, then and there the representative of and protector of the interests of the people and State of Illinois, in said divorce hearing, relying on said attorneys' remarks, failed to inspect the record and to find the fatal defects therein contained, and later, on April 11th, 1945, the court signed said void decree of divorce.

"3. That the court would have refused to enter said decree of divorce, if the said court had been fully apprised of the state of the record, and defendant's compliance with the terms of said decree is only a moot question.

"4. That therefore said decree of divorce entered herein on April 11th, 1945, in favor of plaintiff and against this defendant on plaintiff's amended complaint for divorce is null and void and of no effect and should be held for naught and should be vacated and set aside.

"Defendant asks that plaintiff's petition for the entry of a rule to show cause against him be denied and dismissed and that said decree, which was void

ab initio, be vacated and set aside and held for naught."

On November 23, 1949, the court entered the following order:

"This matter coming on to be heard on plaintiff's petition for a rule to show cause against defendant for failure to comply with the terms of the decree entered herein on Apr. 11th, 1945, and on defendant's amended answer to said petition pleading that the court was without jurisdiction to enter said decree of divorce against him and is now without jurisdiction to enforce said decree in that said decree is void ab initio on the face of the record and upon defendant's separate petition to vacate said decree and the court having now considered the cause of motion, the court finds:

"1. That the court has lost jurisdiction to disturb said decree, term time having elapsed.

"2. That the decree of divorce entered April 11, 1945, is not void on the face of the record but is valid ·and enforceable.

"3. That defendant's remedy, if any he may have, is by Bill of Review.

"It Is Therefore Ordered that defendant's amended answer to plaintiff's petition for rule to show cause be and said amended answer is hereby stricken and defendant's petition to vacate said decree be and the same is hereby denied."

Defendant's appeal is from the foregoing order.

Defendant for obvious reasons omitted from the praecipe for record the verified answer and the counter-petition filed by him on May 26, 1949, to the petition of plaintiff. It appearing to this court from statements made in the briefs and by oral statements made by counsel to this court that the answer was a material and important part of the record upon this appeal, we caused a supplementary record to be filed which includes the verified answer of defendant and

his counter-petition that he filed in answer to plaintiff's petition. Counsel for defendant strenuously objected to the filing of a supplementary record but at the same time admitted that defendant remarried after the entry of the decree of divorce.

Defendant, in spite of the material admissions made by him in his verified answer to plaintiff's petition, boldly challenges the validity of the divorce decree entered against him, upon the ground that the court *"was without jurisdiction over the person of defendant when said decree was entered, and that the terms and orders of said decree were not binding upon defendant and that the court is now without jurisdiction to enforce the terms of said void decree against him or to enter any Rule or order against said defendant based on said decree."*

██ Defendant admits, as he must, that he was personally served with summons after the complaint for separate maintenance was filed, but he contends that he was not served with any notice that plaintiff· had filed an amended complaint making him a defendant in a divorce action and that ''no process or Rule, nor copy either certified or uncertified of the order to plead or answer within 5 days was ever served upon him.'' He does not *aver* either in his answer or amended answer that he did not receive, through the United States mail, the notice that plaintiff would ask for an order giving her leave to file her amended complaint instanter. In his verified answer to plaintiff's petition he admits that a decree of divorce was entered in favor of plaintiff on April 11, 1945, and that *"upon the entry of said decree of divorce* this respondent arranged for a permanent and comfortable home for petitioner and the minor child of the parties at the home of this respondent's mother, Mrs. Rose Pierotti, at 2420 So. Western Avenue, Chicago, Illinois''; ''that

128

this respondent also resided'' there, ''in his own separate quarters''; that defendant paid his mother the expenses of maintaining plaintiff and the child, and that *"the terms of the decree of this court were being thus fully complied with."* The answer further states that defendant *"never objected to the entry of said support order of $25.00 per week because of the agreed arrangement above set forth,"* and that since the entry of the decree defendant *"has also remarried and maintains a comfortable and suitable home."* In the counter-petition filed by defendant he does not question the validity of the decree of divorce, nor does he ask that the decree be vacated, but only that that portion of the decree be *"modified"* that awarded the sole care and custody of the minor child to plaintiff. In the counter-petition he recognizes the validity of the decree of divorce and asks for affirmative relief as to the care and custody of the minor child. Defendant's answer conclusively shows that he did not therein question the validity of the decree of divorce. The answer shows that he had full knowledge of the entry of the decree, acquiesced therein, and that upon the entry of the decree he arranged for ''a permanent and comfortable home'' for plaintiff and the child at the home of his mother. He is careful to state, however, that although he lived in his mother's home he occupied ''separate quarters.'' The claim first asserted in the amended answer and now urged in this court, that the decree of divorce was invalid because the court was without jurisdiction over the person of defendant, was an afterthought, wholly false, as clearly appears from the sworn statements he made in his answer.

 The trial court in entering the order of November 23, 1949, striking defendant's amended answer to plaintiff's petition and denying defendant's petition to vacate the decree of divorce, was fully justified upon

the grounds given by the trial court in the order. The trial court would have been fully justified in denying defendant's petition to vacate the decree upon the ground that the record demonstrates that the trial court when it entered the decree had jurisdiction over the person of defendant. There is another and conclusive ground why defendant should not prevail upon this appeal: It appears from his answer that defendant recognized the validity of the divorce decree by marrying, thereafter, another woman.

In *Scase v. Johnson,* 130 Ill. App. 35, William Scase challenged the entry of a decree for divorce entered *nunc pro tunc.* It appears that Scase, subsequent to the entry of the *nunc pro tunc* decree, remarried, and that since said marriage had always lived with that wife. The court held (pp. 36, 37):

"We hold that said William Scase is in no position to deny the sufficiency of the service in the proceedings, upon the validity and strength of which he has himself relied and again married. He is estopped to deny the validity of an act the benefit of which he has accepted. Since the time the said court made the entries, above quoted, directing a divorce, each party to such suit has remarried. Many years have elapsed and it is only reasonable to suppose that William Scase, when he married, acted upon the belief that a decree in due form had been rendered.

"To hold that he acted upon any other belief is to declare him guilty of bigamy and his children, if he has any, illegitimate. Public policy will not permit a man to profit by such a miserable pretext. If plaintiff in error, merely to share in Carrie Scase's estate, is now allowed to have the petition for decree of divorce *nunc pro tunc* denied, he not only disgraces himself, but subjects two women, one of them dead, to the implication of adultery and casts a stain upon children, if there be any born of either of such marriages, which

130

no court can remove." (See, also, *Grimm v. Grimm,* 302 Ill. 511, 514; *Guggenheim v. Guggenheim,* 189 Ill. App. 146, 149, 150; *Guelzo v. Guelzo,* 292 Ill. App. 151, 155.)

In *Cummings v. Huddleston,* 226 P. 104, the court states (p. 105):

■ "If there were no established rule of estoppel in such cases, this would be a most excellent proceeding in which to establish one. However, the rule is well and generally settled that one who accepts the benefits and privileges of a divorce decree by a remarriage, even though the decree be void for want of jurisdiction, is estopped from thereafter assailing such decree. *Garner v. Garner,* 38 Ind. 139; *Stephens v. Stephens,* 51 Ind. 542; *Scase v. Johnson,* 130 Ill. App. 35; *State ex rel. Hahn v. King,* 109 La. 161, 33 South. 121; *Marvin v. Foster,* 61 Minn. 154, 63 N. W. 484, 52 Am. St. Rep. 586; *Mohler v. Shank,* 93 Iowa 273, 61 N. W. 981, 34 L. R. A. 161, 57 Am. St. Rep. 274; *Richeson v. Simmons,* 47 Mo. 20; *Arthur v. Israel,* 15 Colo. 147, 25 Pac. 81, 10 L. R. A. 693, 22 Am. St. Rep. 381; *Richardson's Estate,* 132 Pa. 292, 19 Atl. 82."

In *Marvin v. Foster,* 61 Minn. 154 (p. 159), the court cites 2 Bishop, Mar. & Div., Sec. 751a, wherein the author states: " 'If a party has used the privileges of a decree of divorce, he has thereby affirmed it, and he is too late to complain of any of its burdens. On this principle, where a man appealing from a decree dissolving his marriage married again, his appeal was dismissed, for, by the marriage, he had affirmed the validity of the divorce. . . .' "

■ ■ Defendant asks us to order the dismissal of plaintiff's petition and the vacation and setting aside of the decree of divorce. The request will, of course, be denied. Counsel for defendant, in opposing the filing of the supplementary record, argued that defendant "has equities" in the proceeding. If defendant has

equities in the matter of plaintiff's petition for defendant to show cause, he has a right to present them, in an apt way.

The order of the Superior court of Cook county entered November 23, 1949, should be and it is affirmed.

*Order entered November 23, 1949, affirmed.*

SCHWARTZ, P. J., and FRIEND, J., concur.