In the Matter of Linda Stiles, Alleged to be a Dependent Female Child, et al.

Frank D. Martin and Geraldine C. Martin, Adoptive Parents of the Minor Child, Brenda Stiles, Appellants.

### Gen. No. 11,410.

Second District, Second Division.

February 1, 1961.

George T. Swaim, Jr., of Kankakee, for appellant.

Fred R. Stith, Jr., and Frank W. Curran, both of Kankakee, for appellee.

WRIGHT, J.

On October 9, 1959, a Decree of Adoption was entered in the Circuit Court of Kankakee County, Illinois, whereby Brenda Kay Stiles was decreed to be the adopted child of Frank D. Martin and Geraldine C. Martin, appellants herein. On December 1, 1959, the County Court of Kankakee County declared Brenda Kay Stiles a dependent child and the Order of the County Court recited that the Decree of Adoption of the Circuit Court of Kankakee County was void and without force and effect for the reason that the Circuit Court was without jurisdiction to make and enter such Decree of Adoption. The appellants take this appeal from the Order of the County Court of Kankakee County.

Appellants contend that the County Court erred in denying their motion to dismiss the dependency petition and entering the decree finding the decree for

adoption of Brenda Kay Stiles entered by the Circuit Court of Kankakee County void and of no effect and declaring Brenda Kay Stiles a dependent child.

Appellee argues that the Circuit Court decree for adoption is void, of no effect and subject to collateral attack for the reason that the Circuit Court did not have jurisdiction to enter the decree because service of summons was not had on the child sought to be adopted at least thirty days before October 9, 1959, the date of the hearing on the adoption petition, and further argues that the County Court was correct in so holding.

This court, on July 7, 1960, on motion of the appellee, struck from the record in this case on appeal, the Report of Trial Proceedings filed by the appellants and we denied the motion at that time of the appellee to affirm the judgment of the County Court of Kankakee County. Appellants agreed in substance that the Report of Trial Proceedings might be stricken and at that time stated to the court that it was not essential for review in this case. On July 29, 1960, the appellee filed herein a motion to dismiss the appeal which motion was taken with the case and is hereby denied. For the sake of clarification it might be pointed out that the minor child is referred to in the Circuit Court Adoption proceedings as "Brenda Kay Stiles" and as "Brenda Stiles" in the County Court Dependency proceedings.

The Decree of Adoption of the Circuit Court of Kankakee County provided and found in part, as follows:

> "1. That the petitioners, Frank D. Martin and Geraldine C. Martin, reside in Kankakee County, Illinois and that all persons named in the petition, including the child sought to be adopted, have

been duly made parties defendant; that summons was duly issued in said cause, and duly served on the child, Brenda Kay Stiles.

"2. That the consent for adoption and entry of appearance on the part of the defendants, John E. Stiles and Georgie Otha Stiles, was duly filed herein at the time of the filing of the petition for adoption.

"3. *That the court has jurisdiction of the subject matter of said petition and of all persons named therein.* And now on this 9th day of October, 1959, the said petitioners and Brenda Kay Stiles appearing in court in person, and this cause coming on to be heard on said petition, and the consent for adoption having been considered by this court, and the court having heard the evidence adduced in open court, and being fully advised in the premises, finds:" (Emphasis Added).

The report of trial proceedings having previously been stricken, there is now only before us the common law record consisting of the pleadings in this case. These pleadings are as follows: (1) The petition filed in County Court of Kankakee County to declare Brenda Stiles a dependent child, (2) The motion of the appellants to dismiss the dependency petition. The motion to dismiss the dependency petition had attached to it a certified copy of the Decree of Adoption entered in the Circuit Court of Kankakee County, (3) The Order of the County Court overruling the motion to dismiss the dependency petition, (4) The answer of the appellants to the dependency petition which asked the County Court to give recognition to the Adoption Decree and, (5) The order of the County Court of Kankakee County, which is appealed from, declaring Brenda Stiles a dependent child and finding that the

Decree of Adoption entered by the Circuit Court of Kankakee County, Illinois, on October 9, 1959, void and without force and effect.

The Order of the County Court of Kankakee County, Illinois, declaring Brenda Kay Stiles a dependent child and finding and ordering that the Decree of Adoption of the Circuit Court of Kankakee County, Illinois, made and entered on October 9, 1959, void and without force and effect stated: "for the reason that, as appears from the certified copy of the files in the matter of the adoption of Brenda Stiles, the Circuit Court of Kankakee County, Illinois was without jurisdiction to make and enter such Decree of Adoption for the reason that service of summons was had upon said child, Brenda Stiles, for the first and only time, upon the date of making and entering of the said Decree of Adoption, contrary to the Statute in such case made and provided." The certified copy of the files of the Circuit Court referred to in the aforesaid order is not now before us nor is the summons. The only matter now before us is the common law record in the County Court proceeding consisting of pleadings, process and orders.

In the case of a collateral attack on a decree of a Court of Record, a Court of general jurisdiction, all presumptions are in favor of the validity of the decree; when acting within the scope of its authority, it is presumed to have jurisdiction to enter the decree until the contrary appears; nothing is presumed to be without its jurisdiction which does not specifically appear to be so; want of jurisdiction to enter the decree must affirmatively appear on the face of the record to furnish a basis for collateral attack; it can be attacked collaterally only by the record itself, such cannot be shown aliunde the record, its record imports verity, and the record consists only of the pleadings, process, judgment or decree and does not

include the evidence, certificate of evidence or bill of exceptions. Anderson v. Anderson, 4 Ill.App.2d 330, 124 N.E.2d 66; Prewitt v. Prewitt, 397 Ill. 178, 73 N.E.2d 312; Steffens v. Steffens, 408 Ill. 150, 96 N.E.2d 458; Grimm v. Grimm, 302 Ill. 511, 135 N. E. 19; Jeffries v. Alexander, 266 Ill. 49, 107 N. E. 146.

■ All presumptions are in favor of the validity of the Decree of Adoption entered by the Circuit Court of Kankakee County, Illinois, on October 9, 1959. Adoption is a subject matter within the Court's scope of authority and it is presumed to have jurisdiction to enter the decree until the contrary appears. Nothing to the contrary so appears here. Want of jurisdiction does not affirmatively appear on the record before us which consists of the pleadings, process, and decree of the County Court of Kankakee County, Illinois, declaring the Decree of Adoption entered by the Circuit Court of Kankakee County, on October 9, 1959, void and of no effect and finding and declaring Brenda Kay Stiles to be a dependent child. In fact, jurisdiction affirmatively appears on the record before us. It is stated in the Decree for Adoption entered by the Circuit Court of Kankakee County, which was attached to the motion filed in the County Court to dismiss the dependency petition "that all persons named in the petition, including the child sought to be adopted, have been duly made parties defendant; that summons was duly issued in said cause and duly served on the child, Brenda Kay Stiles . . . that the court has jurisdiction of the subject matter of said petition and of all persons named therein . . . and Brenda Kay Stiles appearing in court in person."

We, therefore, conclude that the County Court committed error by finding that the Decree for Adoption entered by the Circuit Court of Kankakee County on October 9, 1959, was void and of no effect. It, therefore, follows that the court erroneously entered the

453

decree declaring Brenda Kay Stiles, a dependent child.

Order reversed.

CROW, P. J. and SPIVEY, J., concur.