GEORGE RICHARD FOREST, Plaintiff-Appellant, v. DAISY MARIE FOREST, Defendant-Appellee.

(No. 72-117; ▮▮▮▮▮▮)

Fifth District—January 8, 1973.

Richard E. White, of Murphysboro, for appellant.

No appearance for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The plaintiff, George Richard Forest, has brought this appeal from the Circuit Court of the First Judicial Circuit of Jackson County, Illinois in regard to an order granting the defendant's, Daisy Marie Forest, Motion to Vacate and also finding the plaintiff in direct contempt and fining him the sum of $300.

The plaintiff filed his complaint for divorce on September 29, 1970, and on the same day had summons issued. On October 5, 1970, the plaintiff filed an affidavit of non-residence of the defendant. Constructive service was made on the defendant by publication pursuant to Ill. Rev. Stat., Chap. 110, sec. 14.

The plaintiff obtained a decree of divorce by default on November 19, 1970. On October 29, 1971, the defendant filed her Motion to Vacate the decree of divorce. The motion was heard on January 18, 1972, and briefs ordered submitted and the hearing continued until March 1, 1972. A final hearing was had on March 1, 1972, at which time, the court granted the defendant's motion and found the plaintiff in contempt. The court filed its order on March 8, 1972.

The court found, among other things, that:

"during the period prior to the filing of the affidavit of non-residency by Mr. Forest in October, 1970, that Mr. Forest had knowledge of her whereabouts and that she resided in Murphysboro. That they separated in April, 1969, but kept seeing each other until October, 1970. She informed the Court that the complaint was in error when it stated that the parties were married in 1960 in Kansas City, Missouri, and submitted Exhibit No. 1, being a copy of the parties' marriage license, revealing that the marriage occurred in Fredericktown, Missouri, on June 2, 1970. Mrs. Forest advised the court that she was admitted to Anna State Hospital on October 4, 1970. Mrs. Forest submitted Exhibit No. 2, an affidavit signed by William R. Skelton, ward coordinator, Anna State Hospital, that upon November 12, 1970, Mrs. Forest was visited by her daughter and Mr. Forest, that upon November 23, 1970, Mrs. Forest was (off grounds with husband), and that upon November 26, 1970, she was visited by Mr. Forest and her daughter, who

also visited her upon December 11, 1970. Exhibit No. 3 was an affidavit from the same Mr. Skelton, which in effect states that two weeks prior to admission of Mrs. Forest, that a discussion took place between Mr. and Mrs. Forest, George Ferguson and William R. Skelton, concerning admission of Mrs. Forest to the hospital. She decided at that time not to enter the hospital, but was admitted October 4, 1970. And the court finds from the whole record and from all the testimony at the hearings and affidavits on file herein, that Mr. Forest had actual personal knowledge of the fact that Mrs. Forest was not a non-resident and that she, in fact, was in Jackson County, Illinois, prior to and during the time the Default Divorce was pending and that his affidavit of her non-residency was obtained knowingly and falsely made by him.

The court further finds that the parties were married in Fredericktown, Missouri, on June 2, 1970, that Mr. Forest visited Mrs. Forest while she was at Anna State Hospital, and the court further finds that Mr. Forest had knowledge of the fact that Mrs. Forest was confined at Anna State Hospital.

That the court informed the plaintiff before summary proceedings herein that he had the right to consult with his attorney and make any statement he desired. And the court finds that the plaintiff submitted to the court false testimony upon direct examination and in affidavits and that, in fact and as a matter of law, the testimony and affidavits were willfully false and contemptuous, and lessened the dignity of this court. That such conduct of Mr. Forest tended to embarrass, hinder and obstruct the court in the administration of justice and tended to bring the administration of the law in disrepute. That the court further finds that Mr. Forest, who is here present in open court, by reason of said conduct, is guilty of direct contempt of this court."

Plaintiff does not attack the correctness of the findings of the trial court. There was a substantial amount of property involved, including a business owned by defendant, all of which were awarded plaintiff, without support or alimony, in the default decree. Plaintiff was also awarded custody of a minor child, who was born in 1961.

The plaintiff urges that the court erred in setting aside the decree of divorce because she had remarried subsequent to the decree. The plaintiff also urges that the failure of the defendant to either allege or prove a meritorious defense to the plaintiff's complaint precludes the vacation of the decree. Defendant appellee has stood on her brief filed in the trial court and made a part of the record.

The plaintiff cites *Baker v. Baker*, 2 Ill.App.3d 795, 276 N.E.2d 793;

*Scase v. Johnson,* 130 Ill.App. 35; *Boylan v. Boylan,* 349 Ill. 471, 182 N.E. 614; *Pierotti v. Pierotti,* 343 Ill.App. 116, 98 N.E.2d 875; *McDonald v. Neale,* 35 Ill.App.2d 140, 182 N.E.2d 366; *Webb v. Webb,* 130 Ill.App.2d 618, 264 N.E.2d 594, in support of his first assertion. There are numerous bases on which these cases can be distinguished, but they are principally distinguished by the fact that in each of them the court had jurisdiction over the parties at the time of granting the divorce which was attacked in the subsequent proceeding.

Mrs. Forest did remarry but only after several attorneys informed her that she could not be helped. Mrs. Forest is also now divorced and was divorced prior to the order vacating the decree in the present case. In all, Mrs. Forest visited two attorneys and "legal services" twice before she was able to obtain assistance of her present counsel. Mrs. Forest, other than remarrying, did not fully accept the terms of the decree. She did not, as an example, allow Mr. Forest to have custody of the minor child as provided in the court's decree.

■■ We are aware of the rule of law we invoked in *Baker v. Baker* and other cases cited by plaintiff. But that rule properly subsists to protect innocent parties and preserve the integrity of marriages. As stated in *McDonald v. Neale:*

> "* * * The rule of estoppel, founded upon the public policy of protecting the marital status and good character of innocent third persons, the legitimacy of children, and the rights and position of persons whose status has been finalized by decree of divorce, will not permit parties to assert inconsistent legal rights as petitioner has attempted * * *."

Under the circumstances presented in this case we have determined that plaintiff should not be permitted to stand with impunity behind a rule developed by courts of equity for protection of the blameless. Here, plaintiff has perpetrated a fraud upon the court by his false representations, made under oath, which induced the court to grant a decree of divorce when in fact, as it has now been made apparent, the court was without jurisdiction to act. Through his fraudulent action the plaintiff stands to gain substantial property interests from defendant and, by advancing the rule of estoppel, seeks to use the decree of the very court he has defrauded to effect his purpose. It cannot be permitted. A court of equity cannot be used to effect a fraud; its powers may be used to prevent fraud.

Although the defendant remarried after the decree was entered, under the circumstances here it cannot be said that she availed herself of the "benefit" of the decree as that term is used in the cases cited by the plaintiff. The defendant was not married at the time the original decree

was set aside, there were no children resulting from her remarriage, there are no rights or interests of any third parties affected by the avoidance of the decree, and since the divorce resulted from plaintiff's fraud it cannot be said that the integrity of the institution of marriage has been in any way impugned.

■■ Estoppel is ordinarily a question to be determined in the facts of the particular case. (*Citizens Natl. Bk. of Alton v. Glassbrenner*, 377 Ill. 270, 36 N.E.2d 364.) Also as stated in *People ex rel. Amer. Nat. Bk. & Trust Co. of Chicago v. Smith*, 110 Ill.App.2d 354 at p. 362, 249 N.E.2d at p. 232, "Estoppel depends upon the facts and circumstances as justice may require". The burden of proving estoppel is upon the party asserting it. (*Jennings v. Bituminous Casualty Corp.*, 47 Ill.App.2d 243, 197 N.E. 2d 513.) According to the record appellant is not, by virtue of his conduct, in a position to urge the application of equitable principles in this cause, having failed to do equity himself. Here appellant urges the adoption of an equitable principle to estop his adversary from opposing that which he acquired by inequitable, in fact, fraudulent means. The record does not indicate that the facts of this case call for the doctrine of estoppel to be invoked.

■■ Plaintiff's second assertion of error is that the defendant's failure to either allege or prove a meritorious defense to the plaintiff's complaint precludes the vacation of the decree.

The plaintiff cites the cases of *Burge v. Burge*, 88 Ill. 164; *Whittaker v. Whittaker*, 151 Ill. 266 and *Davies v. Davies*, 6 Ill.App.2d 8. In each of these cases the defendants had notice and were properly served, and the defendants were seeking to have the court set aside the decree because of the defendant's own conduct. We know of no requirement in the law that a party be required to have a meritorious defense in order that a *fraudulently* obtained decree be set aside by the trial court. By virtue of the fraud of the plaintiff the trial court had no jurisdiction over the wife to enter the divorce decree. See *Caswell v. Caswell* (1887), 120 Ill. 377, 11 N.E. 343, a leading case which has been repeatedly cited by our reviewing courts. See also *Graham v. O'Connor*, 350 Ill. 36 @40, 182 N.E. 764 @766, with reference to acquisition of jurisdiction by constructive service. Under the circumstances as shown by this record no hardship to any innocent person results from setting aside the decree in contrast to *Caswell v. Caswell*.

The judgment of the trial court is affirmed.

G. MORAN, P. J., and JONES, J., concur.