*In re* MARRIAGE OF BARBARA GRYKA, Petitioner-Appellee, and AARON Z. GRYKA, Respondent-Appellant.

First District (4th Division)    No. 80-890

Opinion filed November 13, 1980.

Feiwell, Galper & Lasky, Ltd., of Chicago (George S. Feiwell, David H. Levy, and Bernard L. Rivkin, of counsel), for appellant.

Mel Cahan and Eileen Kavanagh, both of Chicago (Lurie & Cahan, Ltd., of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

This appeal is before us pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308), the trial court having stated the issue to be:

"Is a party who remarries after a judgment for dissolution of marriage is entered estopped from attacking that judgment by way of a Petition to hold the judgment void for lack of subject matter jurisdiction on the grounds that neither party to that judgment had met the statutory requirement of domicile?"

We affirm the trial court's order denying respondent Aaron Gryka's petition on the basis of estoppel.

On February 22, 1978, Barbara Gryka (petitioner) filed a petition for dissolution of marriage in which she alleged, *inter alia*, that she was an Illinois domiciliary at the time of filing. On January 2, 1979, a judgment of dissolution was entered by the trial court. That judgment incorporated a property settlement agreement reached by the parties. It also contained the finding that petitioner was a resident and domiciliary of Cook County and Illinois at the time of filing her petition and for a period in excess of 90 days preceding the hearing held on November 15, 1978. On June 19,

1979, pursuant to the motions of both parties, that portion of the judgment concerning property division was vacated. On July 6, 1979, petitioner was given leave to file an emergency petition to vacate judgment for dissolution of marriage. That petition has not been included in the record on appeal and apparently no order regarding it has been entered. However, on October 23, 1979, petitioner filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), seeking to set aside the dissolution of marriage on the ground that she had not realized that the effect of the dissolution of marriage was to adjudicate (and apparently to bar) her contractual right to convert certain insurance policies carried by the parties into individual coverage. That petition is still pending in the trial court.

On February 19, 1980, respondent filed the petition which is at issue in this appeal. In that petition he sought to have all previous orders of the court held null and void on the ground that neither he nor petitioner was a domiciliary or resident of Illinois or Cook County, either at the time the petition for dissolution was filed or in the 90 day period preceding the making of the jurisdictional findings concerning domicile on November 15, 1978. Respondent contended that as a result the court lacked subject matter jurisdiction. He alleged that he first learned of petitioner's lack of domicile on January 17, 1980. It is uncontested that subsequent to the entry of the judgment of dissolution respondent remarried and a child was born of that marriage. Petitioner contended in the trial court that because of this subsequent marriage the respondent was estopped from challenging the validity of the judgment which made this marriage possible. Following a hearing on this preliminary question the trial court found that respondent was estopped and respondent's petition was denied on that basis without any substantive hearing on his factual allegations.

■■ Section 401 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 401), states:

"The court shall enter a judgment of dissolution of marriage (formerly known as divorce) if:

(1) the court finds that one of the parties, at the time the action was commenced, was domiciled in this State or was stationed in this State while a member of the armed services, and that the domicile or military presence has been maintained for 90 days next preceding the making of the findings; * * *."

Petitioner in her petition relied solely on her own alleged Illinois domicile to fulfill this requirement. Clearly under Illinois law her domicile for the requisite period of time as provided by statute was a fact necessary to confer subject matter jurisdiction on the court issuing the decree of dissolution of marriage. (*Davis v. Davis* (1973), 9 Ill. App. 3d 922, 293

N.E.2d 399.) Respondent's petition challenged this domicile and thus challenged the subject matter jurisdiction of the court. Although petitioner contends that this matter should have been brought as a section 72 petition, we note that a void judgment is subject to attack at any time either in a direct or a collateral proceeding (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill.. 2d 108, 357 N.E.2d 1154; *Barnard v. Michael* (1945), 392 Ill. 130, 63 N.E.2d 858), and such an attack is not considered as being brought under section 72. *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 393 N.E.2d 574.

It has long been held in this State that one who accepts the benefits of a divorce decree may be estopped from subsequently challenging the validity of that decree. (*Martin v. Martin* (1978), 57 Ill. App. 3d 486, 373 N.E.2d 602; *Grimm v. Grimm* (1922), 302 Ill. 511, 135 N.E. 19; *Scase v. Johnson* (1906), 130 Ill. App. 35.) One such benefit has been held to be remarriage in reliance on the validity of the prior divorce decree. (*Webb v. Webb* (1970), 130 Ill. App. 2d 618, 264 N.E.2d 594; *McDonald v. Neale* (1962), 35 Ill. App. 2d 140, 182 N.E.2d 366, *cert. denied* (1963), 372 U.S. 911, 9 L. Ed. 2d 719, 83 S. Ct. 725; *Pierotti v. Pierotti* (1951), 343 Ill. App. 116, 98 N.E.2d 875; *Scase v. Johnson* (1906), 130 Ill. App. 35; see Annot., 12 A.L.R.2d 153, 156 (1950).) Indeed, the courts have noted that such remarriage provides an additional basis for estoppel, the protection of innocent third parties. As was stated in *McDonald*:

> "The rule of estoppel, founded upon the public policy of protecting the marital status and good character of innocent third persons, the legitimacy of children, and the rights and position of persons whose status has been finalized by decree of divorce, will not permit parties to assert inconsistent legal rights ° ° °." 35 Ill. App. 2d 140, 151, 182 N.E.2d 366, 371.

■■ Respondent does not appear to challenge these principles, instead he contends they are inapplicable where the decree challenged is alleged to be void for lack of subject matter jurisdiction. However, we find that Illinois case law supports the application of these estoppel principles even in such cases. Indeed the trial court in this cause expressly relied on such a case, *Varap v. Varap* (1966), 76 Ill. App. 2d 402, 222 N.E.2d 77. In *Varap* the husband's first wife obtained an Arizona divorce in 1957. The husband remarried and in 1965 his second wife obtained a divorce. The husband appealed from this decree, claiming that the Arizona decree was void *ab initio*, thus invalidating his second marriage. That challenge was based in part on the assertion that his first wife had not lived in Arizona for the period of time required as a condition precedent to obtaining the divorce. The trial court struck the husband's pleadings related to this claim. The appellate court held that it was unnecessary to determine

whether the Arizona court lacked jurisdiction because, under the principles we have cited, the husband was estopped from asserting the invalidity of the prior decree. The court stated:

"The defendant admits in his amended answer that he had been informed that the prior divorce proceeding was legal and that he was not advised that it might be otherwise until his attorney in the present litigation did so. It is evident that he accepted and recognized the Arizona decree. Public policy dictates that the defendant be estopped from challenging the validity of the prior decree. It would be grossly unfair to allow him to escape the obligations he has incurred to his second spouse, whom he married in reliance upon the validity of the prior divorce, and who undoubtedly married him in the belief that he was free to enter into a valid marriage, by asserting the nullity of the former decree. The law will not tolerate such inconsistent positions. The trial court did not err in striking the portions of the defendant's answer and counterclaim which pertained to this point." 76 Ill. App. 2d 402, 409, 222 N.E.2d 77, 81.

In this cause the allegation of the respondent concerning the invalidity of the decree of dissolution is founded upon the same jurisdictional basis as was asserted in *Varap*, although in *Varap* the husband made additional assertions concerning an alleged lack of personal jurisdiction by the Arizona court. An earlier case which also applied these estoppel principles to a challenge based on lack of subject matter jurisdiction is *Grimm v. Grimm* (1922), 302 Ill. 511, 135 N.E. 19. In *Grimm* the defendant appealed from a judgment sentencing him to jail for contempt in refusing to pay alimony as ordered by a divorce decree. In response to the rule to show cause the defendant had alleged that the court issuing the decree had no subject matter jurisdiction because the marriage it purported to dissolve was void as having occurred within 8 months of a prior divorce the defendant had obtained from a previous wife. The Illinois Supreme Court held that the defendant, who had again married since the second decree was issued, was estopped from denying the jurisdiction of the court to render the decree.

We find these cases to be persuasive authority. We are not persuaded by the cases cited by respondent for the proposition that estoppel may never be utilized to prevent a challenge to a judgment on the ground of lack of subject matter jurisdiction. In neither *Riddlesbarger v. Riddlesbarger* (1944), 324 Ill. App. 176, 57 N.E.2d 901, nor *Meyer v. Meyer* (1948), 333 Ill. App. 450, 77 N.E.2d 556, was the court presented with a challenge to a divorce decree by a spouse who had remarried in reliance on the validity of the decree. In *Riddlesbarger* the plaintiff sought to set aside a divorce decree obtained by her husband and to institute her own

divorce proceedings. The trial court concluded that the wife had been coerced into not opposing her husband when he fraudulently obtained a divorce which the court in fact had no jurisdiction to grant. The husband had falsely testified that he was a resident of the city of Aurora, a fact necessary at the time to confer subject matter jurisdiction on the City Court of Aurora in which the action was brought. Despite this finding the trial court held that because of the wife's subsequent participation in the provisions of the decree she was estopped from asserting any rights she might have because of the claimed invalidity of the decree. She was thus precluded from obtaining a divorce from her husband. On appeal the appellate court reversed, holding that because it was admitted that the jurisdictional facts established at the time of the initial decree were false the judgment was void. It is noteworthy that on appeal of the divorce judgment obtained by the wife after remand this same court saw fit to substantively address the husband's claim of estoppel, holding that he had failed to establish a factual basis for it. (*Riddlesbarger v. Riddlesbarger* (1948), 336 Ill. App. 226, 83 N.E.2d 382 (abstract).) In this cause no findings of lack of jurisdiction have been entered, and the issue squarely presented is whether such a challenge may be made where the one seeking the challenge has since remarried in apparent reliance on the validity of that decree and a child has resulted from that second marriage.

In *Meyer* the plaintiff had petitioned to have a divorce decree declared void because the court had lacked subject matter jurisdiction. The appellate court broadly stated that the doctrines of laches and estoppel did not apply to vacature of void judgments. However, the only ground urged in that appeal was laches in that the wife had waited 1½ years to challenge the decree.[1] As in *Riddlesbarger* the trial court had held a full evidentiary hearing which clearly established that the wife, who had filed the suit for divorce in Cook County, was not in fact domiciled there. The trial court had held that the challenge would not be permitted because of the effect it would have on the husband's second wife and the child of that marriage. The appellate court, in rejecting the application of laches as a bar, did not discuss the effect of this second marriage.

■■ In the light of this analysis of the cases cited by respondent we find no basis for holding that the estoppel principles applied by the trial court were inapplicable to this cause. Respondent has further asserted that because petitioner also has sought to overturn the divorce decree no

---

[1] We note that in an earlier appeal of this same cause (*Meyer v. Meyer* (1946), 328 Ill. App. 408, 66 N.E.2d 457), the question of estoppel was raised and the court addressed it substantively, holding that it had not been established that the wife had accepted the benefits of the divorce decree so as to estop her from challenging the jurisdiction of the court. This claim of estoppel was abandoned in the subsequent appeal.

equitable basis remains for estopping his challenge. However this argument ignores the second basis for estoppel in these circumstances which we have cited, the protection of innocent third parties. Respondent has chosen to treat the divorce decree as valid by marrying again and a child has resulted from that union. Although respondent has noted that some protection is afforded those parties by certain provisions of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, pars. 303, 305), he has not presented this court or the trial court with any basis for determining that those parties are unworthy of the full protection afforded by the principles of estoppel described in this opinion. Accordingly, we affirm the judgment of the trial court.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.