CHARLES A. SCHNEIDER, Plaintiff-Appellant, *v.* MARGARET SCHNEIDER, Defendant-Appellee.

First District (2nd Division)    No. 62105

Opinion filed November 16, 1976.

Robert F. Meersman, of Chicago (Edward G. Wells, of counsel), for appellant.

No brief filed for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This is an appeal from an order dismissing Charles A. Schneider's complaint for divorce for want of equity. Charles and Margaret Schneider were married in February 1951 and lived together until December 1952, at which time they separated. Subsequently, Charles Schneider filed an action, not the instant action, for divorce from Margaret Schneider. Margaret cross-claimed for separate maintenance and was granted a decree of separate maintenance on May 18, 1954,

which is still in effect. One child was born of the marriage. Prior to 1974, that child had reached his majority and had become emancipated. In 1974, Charles filed the instant action for divorce alleging mental cruelty in that Margaret caused him severe emotional distress and was causing him to become extremely nervous, upset and distraught because of the great mental strain brought by Margaret's conduct toward him. The trial court after hearing certain evidence dismissed the suit for want of equity. Plaintiff brings this appeal. Defendant has filed no briefs. The court will consider this appeal under those circumstances in light of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Plaintiff contends the trial court's ruling was based solely on the fact that a party who was a defendant in a petition wherein separate maintenance was granted cannot thereafter be a plaintiff in a divorce proceeding. A reading of the very brief transcript leads us to the conclusion that the trial court did indeed dismiss the matter for want of equity because the plaintiff here had been a defendant in the separate maintenance proceeding. The court commented that the fact that the wife was granted a decree of separate maintenance established her right and that only she can thereafter get a divorce.

We do not believe that the court's underlying assumption is correct. Since we do not have a brief from the defendant, we have examined the case law and find only two cases that might have led the court to that conclusion. In *Van Dolman v. Van Dolman* (1941), 378 Ill. 98, 37 N.E. 850, the plaintiff-wife in the divorce proceeding had been the plaintiff in a prior separate maintenance proceeding. She had obtained her decree for separate maintenance on the basis of desertion and in the divorce proceeding the grounds were desertion. In the pertinent part of that opinion the court said that the separate maintenance statute "does not contemplate separate maintenance once awarded shall forever bar the wife from obtaining a divorce on the ground of desertion, if the husband shall wilfully refrain from living with her for a period of more than one year after a decree has been entered, and she is without fault in the separation." We do not believe the wording in *Van Dolman* necessarily implies that *only* the plaintiff in a previously filed separate maintenance proceeding which resulted in a decree for the plaintiff can obtain a divorce for subsequent conduct of the husband which constitutes a statutory ground for divorce.

■■ In the more recent case of *Reese v. Reese* (1971), 2 Ill. App. 3d 1054, 278 N.E.2d 122, the plaintiff-husband in the divorce proceeding had been the defendant in a prior separate maintenance proceeding wherein his wife had obtained a decree of separate maintenance. Three years after that decree had been entered, the husband filed an action for divorce

asking that either the separate maintenance be set aside or, in the alternative, that a decree of divorce be entered for either party. The husband's appeal after an unfavorable ruling was based solely on the constitutional ground that the separate maintenance statute contained no time limit thereby rendering the statute vague and uncertain and depriving him of his constitutional rights. In disposing of that argument the court made the statement that, "the separate maintenance statute, however, is not a restriction or condition on the right of access to divorce since it may only be used by the party who is without fault, and in no way precludes the innocent party from seeking divorce. "We do not believe that the statement was meant to stand for the proposition that the unsuccessful defendant in the separate maintenance proceeding cannot thereafter accrue a cause of action for divorce. To so hold would be to say that the plaintiff in the separate maintenance proceeding would be in the unique position of being married but yet able to commit adultery, to attempt to murder his or her spouse, or be guilty of extreme and repeated mental or physical cruelty and still be immune from a suit for divorce. The law in Illinois is otherwise; under certain circumstances an unsuccessful defendant in a separate maintenance proceeding may thereafter accrue a cause of action for a divorce. See dictum in *Hilliard v. Hilliard* (1960), 25 Ill. App. 2d 468, 167 N.E.2d 451.

■■ ■ Having determined the proposition that a defendant in a previously filed separate maintenance proceeding may accrue a cause of action for divorce after the separate maintenance proceeding, we now turn to the record in this case. The complaint alleges defendant obtained a separate maintenance decree and held it over his head by refusing for the past 20 years to terminate the matter in a divorce. The complaint further alleges the defendant knew of the sensitive feelings of the plaintiff and knew that the plaintiff would be emotionally overcome by her conduct. It is well established that the elements of mental cruelty consist of a course of abusive and humiliating treatment, calculated or obviously of the nature to torture, discommode or render miserable the life of the opposite spouse. Conduct to be considered extreme and repeated mental cruelty must be unprovoked and of such a nature as to cause embarrassment, humiliation and anguish so as to render life miserable and unendurable or to cause plaintiff's life, person or health to be endangered. (*Iverson v. Iverson* (1976), 38 Ill. App. 3d 308, 347 N.E.2d 6; *Standard v. Standard* (1969), 108 Ill. App. 2d 240, 247 N.E.2d 438.) A married person has no right to force a divorce upon his or her spouse, and the mere refusal of the wife in this case to avail herself of whatever grounds she may have for a divorce cannot be deemed to constitute faulty conduct on her part amounting to extreme and repeated mental cruelty as construed by the *Iverson* and *Standard* cases cited just above.

■■ However, the complaint alludes to conduct of the defendant which is not spelled out in the complaint. At trial, the plaintiff asked to elicit further testimony concerning conduct of defendant over the past 22 years. The court commented that mental cruelty has only been in existence five or six years and made the statement that, although he was sympathetic to the plaintiff's plight, the decree of separate maintenance in the previous proceeding barred the plaintiff in this proceeding from obtaining a divorce. Consequently, he denied the plaintiff the right to present further testimony. As we indicated, we do not agree with the trial court's interpretation of the law. We think the appropriate remedy would be to reverse and remand this matter to the trial court to allow the plaintiff to amend the complaint if he wishes and for such other proceedings as may be necessary to present all of the issues before the trial court.

Reversed and remanded.

STAMOS, P. J., and HAYES, J., concur.