*In re* MARRIAGE OF MAXINE ANN RITTMEYER, Petitioner-Appellant, and STANLEY E. RITTMEYER, Respondent-Appellee.

Fifth District    No. 81-331

Opinion filed July 15, 1982.

Cook, Shevlin & Keefe, Ltd., of Belleville (Dennis W. Shevlin, of counsel), for appellant.

Sterling and Altman, P. C., of Fairview Heights (Harry J. Sterling, of counsel), for appellee.

JUSTICE WELCH delivered the opinion of the court:

The petitioner, Maxine Ann Rittmeyer, appeals from the denial of her petition for dissolution of marriage.

On March 10, 1982, this court dismissed the appeal on the basis that petitioner failed to file a timely post-trial motion. Petitioner made a motion to reconsider that order and a motion to supplement the record with a timely filed post-trial motion which the clerk of the circuit court has attested was inadvertently omitted from the record. No objection to the motions have been filed. Therefore, it is ordered that the motion to supplement the record be, and hereby is, granted.

The parties have been married for 7 years and have two children, ages 4 and 1. At the time of the hearing on the petition the parties had separated. Efforts at reconciliation with the aid of a counselor have failed.

Petitioner testified that respondent's family has not approved of her, which has caused problems between the parties. Total lack of communication and jealousy were the reasons for the separation. Respondent wanted petitioner to devote full time to being a wife and mother; however, he disapproved of many of the things she did as a mother. Although respondent accepted her employment outside of the home, he did not approve of that employment. Respondent is jealous of anything, including bowling, which would draw petitioner's attention away from being a wife and mother. On occasion, petitioner would come home drunk from her activities. Petitioner does not feel that when she has a good time and drinks to excess it should be held against her. On one occasion, he disapproved of her yelling at the children. Three years prior to the hearing respondent went looking for petitioner and found her dancing with a man at the Sugar Mill after the bowling night. The parties argued in public, but he did not strike her nor has he ever struck her. When petitioner has too much alcohol to drink, respondent tells her that he disapproves; however, the problem is never thoroughly discussed. Respondent would ask "ninety questions," and petitioner would see no reason for the questioning. The questioning would also occur if she went shopping for a longer period of time than respondent thought that she should be shopping. There was always a sense of foreboding when she came home. When she drinks to excess, it is not due to respondent's criticism but because she enjoys a good time.

Petitioner admitted that respondent has been a good husband and father. Petitioner further admitted that respondent is not a habitual drunkard, has not committed adultery, and has not raised his voice to her. Petitioner admitted that lack of communication was as much her fault as his, because she would get upset and emotional.

Petitioner denied having an affair or having any ongoing relationship with a man other than respondent; however, she felt that the marriage was irretrievably broken.

Respondent testified that he was not concerned about her bowling but her coming home very late. He was worried that she might have a wreck if she drank too much. He told petitioner that he did not approve of her staying out late. He always wanted to know where she had been, because he was her husband. She first accused him of forcing religion on her when they discussed a possible divorce. If petitioner wanted to do something of which he totally disapproved, she would not do it, but he would give her a reason why he disapproved. Petitioner usually went out two nights a month by herself.

Respondent further testified that he loved his wife and that if she would try counselling on a continuing basis their problems may be solved. In the past, she would say she needed things and after he bought them, she would change her mind. Respondent was hoping she would change her mind about a dissolution of marriage.

■■ Section 401 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 401) provides in part:

"Sec. 401. Dissolution of marriage

The court shall enter a judgment of dissolution of marriage (formerly known as divorce) if:

　　✿　✿　✿

(2) the court finds that, without cause or provocation by the petitioner: either party at the time of such marriage was, and continues to be naturally impotent; or either party had a wife or husband living at the time of such marriage; or either party has committed adultery subsequent to the marriage, or has wilfully deserted or absented himself or herself from the husband or wife for the space of one year, or has been guilty of habitual drunkenness for the space of 2 years, or has been guilty of gross and confirmed habits caused by the excessive use of addictive drugs for the space of 2 years, or has attempted the life of the other by poison or other means showing malice, or has been guilty of extreme and repeated physical or mental cruelty, or has been convicted of a felony or other infamous crime or has infected the other with a communicable venereal disease. 'Excessive use of addictive drugs', as used in this Section, refers to use of an addictive drug by a person when using the drug becomes a controlling or a dominant purpose of his life." ·

The dissolution of marriage statute is to be strictly construed, and a dissolution of marriage is to be granted for one of the causes enumerated therein. *Graham v. Graham* (1976), 44 Ill. App. 3d 519, 358 N.E.2d 308.

■■■ Petitioner alleged in her complaint that "without cause or provocation by the petitioner, the respondent has been guilty of extreme and repeated cruelty toward the petitioner." The charge of cruelty is a serious one which must be clearly proved. (*Balfour v. Balfour* (1959), 20 Ill. App. 2d 590, 156 N.E.2d 629.) Mental cruelty is a course of conduct toward one's spouse which causes embarrassment, humiliation and anguish to render the spouse's life miserable and unendurable, and which affects the spouse's physical or mental health. (*Christian v. Christian* (1979), 69 Ill. App. 3d 450, 387 N.E.2d 1254; *Collins v. Collins* (1977), 47 Ill. App. 3d 258, 361 N.E.2d 787; *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284.) The facts of the particular case must be considered in light of the parties' pattern of conduct, their respective emotional make-

up and the circumstances under which the conduct occurred. (*Christian v. Christian; Collins v. Collins; In re Marriage of Nilsson.*) The ultimate test is the effect of the conduct on the complaining spouse and the marriage itself. (*Christian v. Christian; In re Marriage of Nilsson.*) A plaintiff is not excused from proving the statutory grounds for dissolution of marriage by competent evidence even though she might consider the marriage dead. (*McGowan v. McGowan* (1973), 15 Ill. App. 3d 913, 305 N.E.2d 261; *Graham v. Graham.*) A married person has no right to force a dissolution of marriage upon her spouse. *Schneider v. Schneider* (1976), 43 Ill. App. 3d 1014, 358 N.E.2d 11.

■■ In the case at bar, we cannot find that the respondent engaged in a course of abusive treatment of his wife. The conduct of which she complains appears to be a result of his concern for the welfare of his wife rather than a course of mental cruelty. There is no evidence to indicate that the questioning was done in the presence of others in an effort to embarrass her, nor is there any evidence that petitioner suffered from adverse physical or mental consequences due to respondent's conduct. The sense of foreboding of which she felt upon arriving late at home is insufficient to constitute treatment making her life miserable or endangering her health. The episode at the Sugar Mill is both too remote and not severe enough to support the complaint. Assuming, *arguendo*, that lack of communication were grounds for dissolution of marriage, the record establishes that petitioner was as much responsible for the lack of communication, if not more so, than respondent. The finding of the trial court that petitioner has failed to establish grounds for dissolution of marriage is not against the manifest weight of the evidence. *Christian v. Christian; Farnbach v. Farnbach* (1971), 1 Ill. App. 3d 74, 273 N.E.2d 12.

Petitioner relies on *Christian v. Christian* (1979), 69 Ill. App. 3d 450, 387 N.E.2d 1254, which is factually inappropriate to the case at bar. In *Christian*, defendant called plaintiff obscene names and accused her daily of infidelity. The foregoing conduct occurred frequently in front of the parties' children. Defendant would call her at odd hours of the night to harass her, call her names, or accuse her of infidelity. As a result of the aforementioned conduct, plaintiff lost 14 pounds, saw a doctor who prescribed tranquilizers for nervousness, and was forced to take time off from work. In the case at bar, petitioner did not testify that she suffered any physical illness or mental illness as a result of respondent's conduct. There is no evidence that respondent called her names or accused her of infidelity; in fact, petitioner testified that respondent did not yell at her. The nature of the "ninety questions" was not established in the record other than where she had been. It appears that the questioning occurred mainly when petitioner would come home drunk in the wee hours of the night; therefore, we cannot say that the conduct was unprovoked nor can

we say that respondent's conduct is so offensive as to constitute mental cruelty considering the circumstances under which they occurred.

Petitioner also relies on *McGowan v. McGowan* (1973), 15 Ill. App. 3d 913, 305 N.E.2d 261, which is factually inapposite to the case at bar. The record in *McGowan* indicated more than mere "bickering" between the parties. Plaintiff-husband testified to a lack of communication, frigidity in their intimate relationships, disparaging comments regarding his desire and ability to have children, and defendant's jealousy of another woman. Due to the foregoing, plaintiff developed weight loss and a skin rash. The trial court found that plaintiff had proved grounds for divorce which was affirmed in appellate court. In the case at bar, many of the factors in *McGowan* are not present before us. Further, the court in the case at bar found that the petitioner had not carried her burden.

We affirm the judgment of the Circuit Court of St. Clair County.

Affirmed.

JONES and KASSERMAN, JJ., concur.