Ruth Guelzo, Appellant, v. Carl Guelzo, Appellee.

Gen. No. 39,316.

Opinion filed October 20, 1937.

OLIS, VASALLE & LAPINSKAS, of Chicago, for appellant.

NISSEN N. GROSS, of Chicago, for appellee.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff as petitioner from an order denying the prayer of the petition, which is in the nature of a bill of review to vacate and set aside the decree of divorce entered by the court on June 5, 1935, in a proceeding based upon the complaint for divorce of this petitioner filed on the 29th day of May, 1935, alleging acts of cruelty, and praying for a dissolution of the marriage between the plaintiff and the defendant, and that the plaintiff be awarded the custody of Carl Guelzo, Jr., a minor son of the age of 11 years.

The petition here was filed on June 9, 1936, and as a ground for vacating the divorce decree petitioner alleges that she lived and cohabited with the defendant from the date of the last act of cruelty on May 24, 1935, to May 27, 1935, also on the night of the divorce hearing, on June 3, 1935, and as a result the acts of cruelty were condoned.

It is further alleged in the petition that the attorney appearing for petitioner in the divorce proceeding was retained by the defendant for her, that this attorney's office is in the same suite of offices as the office of the attorney appearing for the defendant, and that the attorney now appearing for the petitioner was substituted for her attorney in the divorce proceeding.

There is the further charge that there is no evidence in the record as to the earning capacity of the defendant, nor as to the extent of his wealth, and no evidence that the plaintiff was a resident of Cook county and State of Illinois, for more than one year prior to the filing of the bill of complaint.

The defendant filed a motion to strike this petition and also filed an answer denying the facts alleged in the petition. A hearing was had, and on July 10, 1936, an order was entered by the court finding that Ruth E.

Guelzo and Carl M. Guelzo did not cohabit together as husband and wife from and prior to and since April 30, 1935, up to and including June 5, 1935, and further that the petition of Ruth Guelzo praying that the decree of divorce entered on June 5, 1935, be vacated and declared for naught, be and the same is denied.

The decree of divorce entered by the court recites substantially that the plaintiff appeared in person with her attorney and the defendant by his attorney, and that the court heard the testimony taken in open court in support of the complaint, a certificate of which evidence was filed therein. The court after finding that it had jurisdiction of the parties and the subject matter, further found that the plaintiff is and had been prior to the filing of the complaint, an actual resident of Cook county, and has been a resident of the State of Illinois for more than the year next before the filing of the complaint.

And further, that on August 3, 1921, the parties were lawfully married, that during that period they lived and cohabited together, and that a child was born of said marriage and that the child is now 11 years old.

For grounds of divorce the court finds that the defendant was guilty of extreme and repeated cruelty toward the plaintiff on April 30, 1935, and on May 24, 1935. Upon said grounds it is ordered by the court that the bonds of matrimony theretofore existing between the plaintiff and the defendant be and the same are dissolved, and that the plaintiff be awarded the complete care of the minor child without any interference, and that the defendant be permitted to see the child at any reasonable time, and that the defendant pay to the plaintiff as alimony and for support of plaintiff and the minor child, the sum of $50 per week.

That the defendant turn over to the plaintiff as her property all the household furnishings, except the silverware, and that the plaintiff's right of dower in and

to all the real estate owned by the defendant be waived and released.

One of the points made is that the petitioner, the plaintiff in the divorce proceeding, complains that there is no evidence which establishes the residence of the plaintiff in the county of Cook and State of Illinois. We have noted from the decree itself that the court entered an express finding that she has resided in the county of Cook and State of Illinois for the required period fixed by law, and this is in conformity with the allegation of the bill of complaint filed by the plaintiff, and admitted by the defendant in his answer. While it is true that it is necessary to establish residence in this county and State for the period provided by law, we are of the opinion that this finding of fact is not subject to attack.

In support of petitioner's position, this court's attention is called to the case of *People v. Case,* 241 Ill. 279, which was a proceeding in which the State's Attorney of Cook county, on the relation of the committee on grievances of the Chicago Bar Association, filed in the Supreme Court an information to disbar, or, in the alternative, to suspend or otherwise discipline, as the court in its discretion might deem proper, Theodore G. Case, an attorney, on the ground that he procured a decree of divorce in the circuit court of Cook county by fraudulent collusion with the complainant and the defendant therein, and by fraudulently concealing from the knowledge of the judge the fact that substantially the same matters involved in the divorce proceeding had previously been heard and determined adversely to his client in a prior divorce proceeding. The petitioner points to that portion of the opinion, which she contends supports her position on the question of the necessity of evidence being heard by the court in order that residence be properly established, as fixed by the statute in this State, where

the court cited *Schmidt v. Schmidt*, 29 N. J. Eq. 496, and quoted therefrom as follows: ''The divorce petition is not evidence of any fact stated in it. To permit parties in divorce suits to establish, merely by the allegations and corresponding admissions of bill or petition and answer, the facts which are necessary to give the court jurisdiction, would be to practically annul important provisions of the law, and leave to simple, unverified (and perhaps fraudulently collusive) averment and admission, facts which the legislature intended should be established by proof.'' It appeared from her testimony in this case that the defendant acted on the assumption that the decree was valid, and contracted another marriage.

In the case of *Guggenheim v. Guggenheim*, 189 Ill. App. 146, the court in its opinion said: ''Where in a divorce suit the court assuming to grant the divorce has general jurisdiction of the subject of divorce, but by the statutory law bona fide resident of the complaining party in the jurisdiction is one requisite for the right to the divorce, or to any correct action of the court thereon, and where a bill brought for a divorce contains an allegation of such residence by the complaining party, and the court finds as a fact that it exists, then in neither a direct nor collateral proceeding attacking that decree as void, is a court of equity obliged or justified in so declaring it, or in vacating or setting it aside, at the instance of a complaining party, who has secured or participated in the false finding as to residence, after a long interval of time has elapsed, in which interval that party has him or herself deliberately acted on the assumption that the decree is valid and contracted another marriage; . . .''

But it is to be noted that the evidence heard in the proceeding to set aside the decree does not attempt to establish, nor is there an allegation of fact in her petition, that she is not a resident of this State. The only

point the petitioner makes is that there is lack of evidence, and by this proceeding seeks to set aside the decree after she herself testified that she was aware of the marriage of the defendant in this proceeding subsequent to the entry of the decree. Under the facts as we have them before us she is estopped at this time, because of the intervening rights and interests of third parties, from being entitled to the relief she seeks in this petition.

The further point is made in the petition that the acts of cruelty were condoned by the parties by their living and cohabiting together at the time and after the decree was entered. The court based its finding upon the facts and we are of the opinion that the evidence sustains the finding.

At the time the plaintiff was heard upon her petition for divorce and the custody of the child, she testified that the plaintiff as well as the defendant had entered into an agreement, subject to the court's approval, whereby she was to receive $50 a week as alimony for the support of herself and son, and also to receive the furniture from her husband, except the silver set, which he wished to keep.

The decree was entered on June 5, 1935, which provided for the payment of the amount of alimony which had been agreed upon, and this court has a right to assume that the $50 per week alimony has been received by the plaintiff, for the reason that there is no complaint in her petition, nor does her testimony show that the amount agreed upon was not received by her during this time. By the acceptance of the benefits provided for in the decree the petitioner is estopped by her acts from the relief prayed for in her petition.

There is another point which it might be well to consider, and that is whether the plaintiff filed her petition, which is in the nature of a bill of review, within one year after the entry of the decree. This court has

held in the case of *Weinberg v. Larson,* 275 Ill. App. 475, that unless a bill of review which seeks to impeach a decree is filed within one year after the original decree was entered, it comes too late.

The petitioner offers the rather unusual suggestion that she understood it was to be a trial divorce only, and in her testimony stated she did not know that there was condonation in the case until she was told about it on June 5, 1936, by her attorney. This would but lead us to believe she understood a divorce decree was being entered and that she was subject to its provisions.

We have considered the important questions in the matter, and the court, upon the questions of fact has refused to vacate the decree in this proceeding, and we are of the opinion the evidence sustains the order of the court. The finding is not against the manifest weight of the evidence, which would be necessary in order for this court to regard the finding sufficiently erroneous to reverse the order entered in the original proceeding, and the order entered by the court is therefore affirmed.

*Order affirmed.*

DENIS E. SULLIVAN and HALL, JJ., concur.