Mildred Henley, Plaintiff-Appellee, v. John P. Houck and Detroit-Pittsburgh Motor Freight, Inc., a Foreign Corporation, Defendants.
Mildred Henley, Plaintiff-Appellee, and American Casualty Company, a Corporation, John P. Carlin, and John G. Phillips, Additional Defendants, Appellees, v. Earl Henley, Defendant-Appellant.

Gen. No. 49,153.

First District, Second Division.

June 2, 1964.

Charles C. Cooley and John J. Caulfield, of Chicago (Stanley Werdell, of counsel), for appellant.

Patrick A. Barton, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Two Superior Court cases are involved in this appeal and are being considered jointly because of their consolidation by Judge Dieringer, divorce case No. 57 S 965 and personal injury suit No. 56 S 1947.

On November 14, 1955 Mildred Henley (n/k/a Mildred Henley Wobschall), the then wife of Earl Henley, was involved in an automobile accident, and as a result thereof she filed suit against John P. Houck, Detroit-Pittsburgh Motor Freight Corporation, and a third party who was subsequently dismissed as a defendant. On January 21, 1957, while the personal injury suit was pending, Mildred Henley instituted suit for divorce against her husband. A stipulation was filed to have it heard as a default matter, and the case was assigned to Judge Adesko. At the hearing plaintiff testified that she had read and understood the property settlement agreement entered into between the parties. She also testified that subsequent to the execution of the said agreement she had con-

sented to accept, in lieu of alimony, an additional $500 from the proceeds of her personal injury suit. She expressly waived alimony in open court. The property settlement agreement was admitted in evidence as plaintiff's exhibit No. 1. In response to the court's questions, her attorney stated that plaintiff was to receive $500 in cash in lieu of alimony at the time of the signing of the decree; that in consequence of a pending personal injury suit which she had brought as the result of having been injured in an accident, she and Earl Henley had agreed that each would take one-third of any amount she might recover, inasmuch as he had already paid out a considerable amount of money to cover her medical bills and provided that he would continue to pay all the medical bills arising from the accident, leaving one-third of the amount for the attorneys; and that out of his one-third defendant was to pay an additional $500 to plaintiff.

On May 1, 1957 Judge Adesko entered a decree for divorce which recited the material portions of the parties' agreement and specifically ordered, adjudged, and decreed "that the Plaintiff agrees to assign and pay over to the Defendant, one-third of the gross amount collected by suit, settlement or otherwise," from her claim for personal injuries.

■ On May 2, 1957, in accordance with the terms of the divorce decree, Mildred Henley executed and delivered to Earl Henley an instrument entitled "Assignment." She did not object to signing the agreement to assign one-third of the proceeds to Earl Henley nor did she appeal from Judge Adesko's order providing for the assignment. Her second marriage was made possible by the divorce decree which she had sought and obtained, and she accepted other benefits of the decree, including the assumption by Earl Henley of the mortgage on their home, the award of all the household furniture and equipment, payment

of her medical and hospital expenses, as well as an award to her of $500 in lieu of alimony at the time of the signing of the divorce decree—all in consideration of the agreement to which she had expressly consented in open court. At no time did she appeal from the decree of 1957, but five years later, in 1962, she sought to attack its validity collaterally in the personal injury suit. Under the established rule in this state she is estopped from doing so. In McDonald v. Neale, 35 Ill App2d 140, 182 NE2d 366 (1962), the wife, who like plaintiff here had entered into a subsequent marriage, more than eleven years after the entry of a divorce decree, challenged its validity, especially with reference to the property settlement. The court held (150, 151) that plaintiff, in remarrying in reliance on the validity of the divorce decree, had accepted its benefit and was therefore estopped from attacking it. "This rule of estoppel," said the court (151), "has been followed repeatedly by courts of this and many other states," and, after citing authorities, it continued:

> "Petitioner accepted the proceeds of the property settlement and put them to her own use. As respondent had died when petitioner filed her claim, no question of her status as a wife is involved. All she seeks is an additional portion of respondent's assets. Petitioner remarried in 1956 thereby relying upon and asserting the validity of the divorce decree. Her second marriage continued to exist in all respects at the time she filed this petition in 1958. She had not annulled it, nor had she disavowed it in any way at any time other than in the instant suit which was filed solely for the purpose of obtaining part of respondent's estate. The rule of estoppel, founded upon the public policy of protecting the marital status and good character of innocent third persons,

475

the legitimacy of children, and the rights and position of persons whose status has been finalized by decree of divorce, will not permit parties to assert inconsistent legal rights as petitioner has here attempted. . . ."

In an earlier case, Guelzo v. Guelzo, 292 Ill App 151, 10 NE2d 881 (1937), plaintiff, approximately a year after a decree of divorce was entered, sought to have it vacated on the ground that there was a lack of evidence that she was a resident of the State of Illinois for the required statutory period, but the court held as follows (156):

"The decree was entered on June 5, 1935, which provided for the payment of the amount of alimony which had been agreed upon, and this court has a right to assume that the $50 per week alimony has been received by the plaintiff, for the reason that there is no complaint in her petition, nor does her testimony show that the amount agreed upon was not received by her during this time. By the acceptance of the benefits provided for in the decree the petitioner is estopped by her acts from the relief prayed for in her petition."

It was Mildred Henley's contention in the suit pending before Judge Dieringer that the assignment of part of the proceeds of the personal injury suit to Earl Henley was void as against public policy. We need not pass upon this contention since we hold that by accepting the benefits of the decree she is estopped from thereafter attacking its validity.

Mildred Henley's personal injury action came on for trial before Judge Dieringer and a jury. On October 19, 1962 the jury returned a verdict in her favor in the amount of $50,000, on which Judge Dieringer entered judgment. A post-trial motion was filed, and thereafter, on January 2, 1963, by agreement be-

tween the parties in the personal injury suit, the judgment was reduced by remittitur to $45,000.

On November 19, 1962 Earl Henley, believing that Mildred Henley would not abide by the terms of the divorce decree, sought the enforcement thereof under Rule 12.4(c) of the Uniform Rules for the Circuit Court and Superior Court of Cook County. He obtained an injunction from Judge Hershenson, the divorce court motion judge, without notice and without bond, restraining the American Casualty Company, the insurance carrier of defendant in the personal injury case, and John P. Carlin and John G. Phillips, attorneys for Mildred Henley in her personal injury suit, from paying out any monies to Mildred Henley on the judgment she obtained in the personal injury suit.

On December 11, 1962 Mildred Henley, John P. Carlin, and John G. Phillips filed a motion before Judge Cohen (then sitting in the place and stead of Judge Hershenson) to dissolve the injunction. On December 20, 1962 the insurance carrier filed its motion before Judge Cohen to dissolve the injunction as to it on the ground that it wished to satisfy the judgment in the personal injury case in open court. On January 2, 1963 Judge Cohen entered an order which found that the decree for divorce was valid and that its provisions should be enforced. His order provided that the insurance carrier was to pay over to the clerk of the court $45,000 in full satisfaction of the judgment, and that the clerk was to distribute the sum as follows:

a) $19,643.04 to John G. Phillips and John P. Carlin in satisfaction of their attorneys' fees and advancements;
b) two-thirds of the remaining sum to Mildred Henley; and
c) the remainder to Earl Henley, out of which he was to pay a $920 medical bill.

477

Judge Cohen also ordered the injunction against Mildred Henley, John P. Carlin, John G. Phillips, and the insurance carrier, dissolved.

On January 7, 1963 John G. Phillips and John P. Carlin filed their joint motion before Judge Dieringer in the personal injury suit to adjudicate their attorneys' lien rights, and an order was entered reinstating the case for the limited purpose of determining the liens and the validity of the assignment and granting Earl Henley five days' time to plead to said motion. On January 11, 1963 Mildred Henley, by Patrick A. Barton, her attorney, filed her motion before Judge Dieringer to consolidate the divorce case with the personal injury case and to vacate Judge Cohen's order of January 2, 1963. On the same day Earl Henley filed his answer before Judge Dieringer to the motion of John G. Phillips and John P. Carlin, and attached thereto a copy of the motion of the insurance carrier filed on December 20, 1962 before Judge Cohen and a copy of the order entered by him on January 2, 1963.

On January 16, 1963 the hearing on the motion to adjudicate attorneys' liens and assignment came up for hearing before Judge Dieringer, and on motion of plaintiff an order was entered consolidating the divorce case with the personal injury case "solely for the purpose of determining Attorney's lien rights and the assignment involved" therein, setting the matter for a hearing, and allowing Earl Henley to file a counteraffidavit. Objections were made on behalf of Earl Henley to said ruling.

The power to consolidate cases arises out of section 51 of the Civil Practice Act (Ill Rev Stats 1963, c 110) which provides:

"An action may be severed, and actions pending in the same court may be consolidated, as an aid

to convenience, whenever it can be done without prejudice to a substantial right."

On January 21, 1963, pursuant to Judge Cohen's request, all the parties appeared before him. He entered an order in the divorce case, modifying his order of January 2, 1963, permitting John P. Carlin and John G. Phillips to deduct their said fees and advancements and directing them to turn over the balance of the judgment money to the clerk of the court for distribution to Mildred Henley and Earl Henley as provided in said order of January 2, 1963.

On January 22, 1963 all parties appeared before Judge Dieringer who entered an order providing that:

a) Earl Henley has no right to any of the proceeds of the judgment obtained by Mildred Henley in her personal injury suit;

b) the assignment referred to as having been agreed to by Mildred Henley in the divorce decree and evidenced by a written assignment dated May 2, 1957 was null, void, and unenforceable;

c) all orders entered by Judge Cohen in the divorce case were a nullity and of no force and effect, except as to the dissolution of the injunction entered therein on January 2, 1963; and

d) the judgment in the personal injury suit having theretofore been satisfied in open court, the attorneys of Mildred Henley were to deliver instanter to her the proceeds of the judgment rendered in the personal injury suit.

This appeal was perfected from Judge Dieringer's order of January 16, 1963 consolidating the divorce case with the personal injury suit, and, except for the injunctional provision, from the multiple provisions of his order of January 22, 1963.

479

With reference to the order of January 16, 1963, we hold that Judge Dieringer had no authority, sua sponte, to consolidate these cases; nor, with reference to the order of January 22, 1963, did he have authority to hold "that all orders entered by Judge Nathan M. Cohen in Case numbered 57 S 965 [the divorce case] are hereby declared to be a nullity and of no force and effect, except as to the dissolution of the Injunction entered therein and as to all other matters declared vacated as of this day." The proper procedure was not followed in effectuating the consolidation of the cases. All administrative rules of the Superior Court which existed prior to the effective date of the Uniform Rules for the Circuit Court and Superior Court of Cook County and which were not inconsistent with the Uniform Rules were still in effect at the time of the order of consolidation. The rule with respect to consolidation (§ 1, Rule 8 of the Superior Court, effective as of July 5, 1951, with amendments to June 30, 1952) provides:

"Sec. 1. Motions of consolidation of cases, whether at law or chancery, shall be made before the Chief Justice in the case first commenced. If the motion is granted, the order shall be one consolidating the later-commenced case or cases with the case first commenced, and all proceedings thereafter shall be docketed and recorded as if had in the case first commenced. After motion for consolidation is allowed, the Chief Justice shall enter an appropriate order assigning the consolidated cases to a judge, who shall hear all legal and equitable issues; and where a jury is demanded by either party, such judge shall call a jury and hear and determine all the issues."

Instead of moving for a consolidation of the cases before the chief justice of the Superior Court, Mildred Henley improperly presented her motion to Judge Dier-

480

inger. He had no power to consolidate the cases unless the moving party followed the procedure outlined in section 1 of Rule 8 of the Superior Court Rules.

Judge Cohen's order of January 2, 1963, as modified on January 21, 1963, was a final order and disposed of the case pending before him; it was an appealable order, but, except under unusual circumstances not here contended for, it could not be collaterally attacked. On January 16, 1963, when Judge Dieringer entered the order of consolidation, he was in the impossible position of attempting to consolidate a pending case with a disposed-of case. On January 22, 1963, when he entered the order vacating all the orders entered by Judge Cohen except the dissolution of the injunction, Judge Dieringer should have ascertained that a final order had been entered by Judge Cohen in the divorce proceeding on January 2, 1963 and modified on January 21, 1963; that the matter had been disposed of, and was no longer pending before Judge Cohen.

For the reasons indicated, Judge Dieringer's order of January 16, 1963 consolidating the cases, and his extensive order of January 22, 1963 providing in part that all but one of the orders entered by Judge Cohen in the divorce case were null and void, are reversed, and the cause is remanded with directions to the trial court to expunge both orders appealed from and to enter an order directing plaintiff to pay or cause to be paid to defendant Earl Henley the sum of money provided in the order entered January 2, 1963 by Judge Cohen, as modified on January 21, 1963, less all medical and hospital bills arising from the accident, if any are owing.

Orders reversed and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.