*In re* MARRIAGE OF DARRELL K. ROBINSON, Petitioner-Appellee, and MARILYN A. ROBINSON, Respondent-Appellant.

Third District   No. 3—91—0626

Opinion filed March 9, 1992.

Stephen C. Myers, of Myers, Daugherity, Berry & O'Conor, Ltd., of Streator, for appellant.

Michael Gulo, of Streator, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The trial court dissolved the marriage of the petitioner, Darrell K. Robinson, and the respondent, Marilyn A. Robinson. Marilyn appeals the dissolution order.

The record shows that Darrell sought a dissolution of the parties' marriage based upon grounds of irreconcilable differences. It also shows that he orally waived, without objection from Marilyn, the required two-year waiting period necessary to obtain a dissolution on these grounds. Finally, the record shows that no written waiver of the two-year waiting period was ever filed with the court.

On appeal, Marilyn argues that since no written waiver was filed with the court, the court was without jurisdiction to enter an order of dissolution.

In order to obtain a decree of dissolution on the grounds of irreconcilable differences, it must be proved that the spouses have lived separate and apart for a continuous period in excess of two years and that irreconcilable differences have caused the irretrievable breakdown of the marriage. However, "if the spouses have lived separate

and apart for a continuous period of not less than 6 months, *** *the requirement of living separate and apart for a continuous period in excess of 2 years may be waived upon written stipulation of both spouses filed with the court.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 40, par. 401(a)(2).) Where a trial court is hearing matters relating to the dissolution of a marriage, it is not acting within the unlimited jurisdiction conferred on it by the constitution but, rather, is limited to that granted in the Illinois Marriage and Dissolution of Marriage Act (Marriage Act). (*In re Marriage of Rifkin* (1983), 114 Ill. App. 3d 555, 449 N.E.2d 173.) In addition, case law clearly states that the Marriage Act is to be strictly construed. *In re Marriage of Rittmeyer* (1982), 107 Ill. App. 3d 892, 438 N.E.2d 237.

Here, strictly construing the statute we find that the legislature intended that a written waiver be filed before the court could obtain jurisdiction over the matter. Accordingly, since a written waiver was not filed with the court, we find that the court was without subject matter jurisdiction to enter an order of dissolution.

We note that this is an unfortunate result since the lack of a filed written waiver was simply an understandable oversight by the trial court that had earlier indicated in open court to both parties that it was necessary to file the written stipulation. The trial court proceeded to conduct a full hearing and entered a well-considered judgment order, clearly believing that counsel could be trusted with the housekeeping matter of the stipulation. The result is also unfortunate since Marilyn did not object at trial to this oversight and only objects on appeal as a tactical matter to vacate the court's adverse findings against her. However, because it involves a question of jurisdiction, the question may be raised at any time. See *In re Estate of Randell* (1973), 12 Ill. App. 3d 640, 298 N.E.2d 735.

Having found that the trial court lacked jurisdiction to dissolve the parties' marriage, we need not consider the remaining contentions raised by the respondent.

The judgment of the circuit court of La Salle County is vacated.

Vacated.

McCUSKEY and SLATER, JJ., concur.