In re MARRIAGE OF WILLIAM P. MONKEN, Petitioner-Appellee, and CAROL MONKEN, Respondent-Appellant.

Fifth District   No. 5—93—0064

Opinion filed January 26, 1994.

Gary L. Smith, of Loewenstein, Hagen, Ochlert & Smith, P.C., of Springfield, and Cary Collins, of Belleville, for appellant.

Douglas E. Dusek, of Hotto, Dusek & Lopinot, of Fairview Heights, for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:
Respondent, Carol Monken (Carol), appeals from the denial of her motion to vacate a judgment of dissolution on the ground that the trial court did not have subject matter jurisdiction. We affirm the trial court.

Petitioner, William Monken (William), filed a petition on January 4, 1988, for a dissolution of marriage on the grounds of irreconcilable differences. Carol, without counsel, filed an entry of appearance and consent to a trial, including judgment by default, on January 4, 1988. The trial court found on the same date that the parties had lived separate and apart since March 1987, a period of more than six months, and that irreconcilable differences had caused the irretrievable breakdown of the marriage. The marriage was dissolved, and an order was entered granting William the custody of the three minor children, reserving the question of child support and splitting the real and the personal property, including the home, cars, health and life insurance, with William to pay the premiums, and William's pension. William has since remarried.

On July 10, 1992, Carol filed her verified motion to vacate the judgment of dissolution as being void because of a failure to file a written waiver of the two-year waiting period for a no-fault dissolution, as required by section 401(a)(2) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 401(a)(2)). Carol maintains that the failure to file this written waiver deprived the trial court of subject matter jurisdiction. William's counsel filed a petition to complete the record by filing a copy of the written stipulation entered into by the parties on January 4, 1988, whereby the parties waived the requirement of living separate and apart for a continuous period in excess of two years. Carol objected to the petition, and various legal maneuvers transpired that are irrelevant to our decision.

William's counsel, John English, withdrew, and William's new counsel filed an amended response to the motion to vacate judgment, which included an affidavit by John English. This affidavit stated that on January 4, 1988, Carol and William signed, in English's presence, the judgment of dissolution and the stipulation waiving the two-year waiting period for irreconcilable differences and that he had placed for filing with the clerk of the circuit court the judgment for dissolution, the entry of appearance by Carol, and the written stipulation waiving the two-year waiting period for irreconcilable differences. Suffice it to say, we do not need to reach the issue of whether the trial court committed error by considering English's affidavit.

This court recently held in *In re Marriage of Jerome* (1994), 255 Ill. App. 3d 374:

> "Where the subject matter of the litigation is within the general jurisdiction of the trial court, the claim of want of jurisdiction by reason of the existence of irregularities, or exceptional or special circumstances, or because the court had no jurisdiction to render the particular judgment or order cannot be made for the first time on appeal." (*In re Marriage of Jerome* (1994), 255 Ill. App. 3d at 388.)

We further held that dissolution proceedings are within the general jurisdiction of circuit courts. "In such cases, the rule is that where the parties have adjudicated their rights before the court to a final judgment without objection to the court's right to hear the cause, the parties will be bound on appeal so far as the question of jurisdiction over the particular case is concerned." *In re Marriage of Jerome*, 255 Ill. App. 3d at 389.

Carol cites *In re Marriage of Robinson* (1992), 225 Ill. App. 3d 1037, 588 N.E.2d 1243, and William cites *English v. English* (1979), 72 Ill. App. 3d 736, 393 N.E.2d 18, in support of their positions in the case at bar. We specifically declined to follow either case in *In re Marriage of Jerome*.

The trial court had general jurisdiction over the dissolution proceedings and the parties in this case. Carol adjudicated her rights before the court to a final judgment. She failed to object to jurisdiction at the hearing before the trial court, and she failed to file a post-trial motion objecting to jurisdiction. Under our ruling in *In re Marriage of Jerome*, Carol could not have raised the issue of subject matter jurisdiction for the first time on appeal due to the existence of some irregularity. Similarly, she certainly should not be allowed to raise the issue of subject matter jurisdiction over this particular case for the

first time 4½ years after judgment on a motion to vacate due to an irregularity.

Our rulings in the case *sub judice* and in *In re Marriage of Jerome* conform with the modern rule that courts should give finality of judgments greater weight than validity of judgments, as provided in Restatement (Second) of Judgments section 12, at 117 (1982). In addition, our rulings conform with the principle that one who accepts the benefits of a divorce decree may be estopped from subsequently challenging the validity of the decree even if the challenge is founded on the lack of subject matter jurisdiction. *In re Marriage of Gryka* (1980), 90 Ill. App. 3d 443, 413 N.E.2d 153.

For the foregoing reasons, the judgment of the trial judge is affirmed.

Affirmed.

GOLDENHERSH and MAAG, JJ., concur.