*In re* MARRIAGE OF KAREL CHROBAK, a/k/a Charles Chrobak, Petitioner-Appellee, and ANEZKA BOUZ, f/k/a Anezka Chrobak, a/k/a Agnes Chrobak, Respondent-Appellant.

Second District   No. 2—03—0721

Opinion filed June 24, 2004.

Sarane C. Siewerth and Elizabeth A. Theyssen, both of Schiller, DuCanto & Fleck, of Chicago, for appellant.

Phyllis J. Perko, of Law Offices of Harlovic & Perko, of West Dundee, for appellee.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

On March 2, 1997, in British Columbia, Canada, the respondent, Anezka Bouz, f/k/a Anezka Chrobak, a/k/a Agnes Chrobak, obtained a divorce from the petitioner, Karel Chrobak, a/k/a Charles Chrobak. Subsequently, in Illinois, the petitioner petitioned for a legal separation (see 750 ILCS 5/402 (West 2002)). On November 5, 1997, the trial court granted the petitioner's petition for a legal separation and incorporated into that order the parties' settlement agreement. Five years later, the respondent petitioned to vacate the legal separation order and the incorporated settlement agreement (see 735 ILCS 5/2—1401(f) (West 2002)), arguing that the trial court lacked subject matter jurisdiction to enter the separation order because the parties were divorced. The petitioner moved to strike and dismiss the petition, claiming, among other things, that the respondent was estopped from challenging the order because she accepted the financial benefits that the settlement agreement gave her. The trial court granted the petitioner's motion to strike and dismiss, and this appeal followed. On appeal, the respondent contends that the trial court lacked subject matter jurisdiction over the proceeding for a legal separation. The petitioner claims that the respondent has waived this issue or is estopped from challenging the trial court's jurisdiction. We agree with the petitioner's estoppel argument. Thus, we affirm.

On December 29, 1962, the parties were married in Chicago, Illinois. They lived in Kane County as a married couple for nearly 30

years and raised three children, who are now adults. In February 1992, the respondent left the petitioner and moved to Canada, where she lived previously. Five years later, the respondent petitioned for a divorce in Canada and properly notified the petitioner. The petitioner, who had no contacts with Canada, did not appear at the Canadian divorce proceedings. The parties' marriage was dissolved in Canada on March 2, 1997, but the divorce decree did not address maintenance or the division of marital property.

On July 24, 1997, the petitioner petitioned for a legal separation in Illinois, acknowledging the Canadian divorce decree. The respondent was personally served with the petition for a legal separation, but she failed to attend any of the proceedings. At the subsequent hearing, the petitioner, who was the only witness to testify, agreed that the Canadian divorce order did not address property or support issues, which the petitioner wished to resolve with the order for a legal separation.

In that regard, the petitioner testified about the parties' settlement agreement. He stated that he entered into the agreement freely, that the agreement was fair, and that the respondent signed the agreement. The agreement provided that the parties would sell their home and share the proceeds, which they did, and they divided the amount they had in their savings and checking accounts. The petitioner stated that the parties split the money he had in a pension, and he provided a survivor's annuity to the respondent. The petitioner also has paid the respondent maintenance since February 1992, and, pursuant to the agreement, he will continue to pay her $1,000 per month until, among other things, she remarries or starts receiving social security. The trial court found that the respondent was in default by consent or otherwise, granted the petition for a legal separation, and incorporated into the judgment the settlement agreement, which it found fair, reasonable, and not unconscionable.

On November 6, 2002, the respondent moved to vacate the judgment for a legal separation and the incorporated settlement agreement, arguing that the judgment was void because the parties were divorced when it was entered. The respondent contended that, pursuant to comity principles, the trial court should have recognized the Canadian divorce order and thereby acknowledged that it lacked subject matter jurisdiction to grant a legal separation. The petitioner moved to strike and dismiss the petition to vacate, arguing, among other things, that the respondent should be estopped from challenging the order for a legal separation and the incorporated settlement agreement because she profited from the order when she accepted maintenance and other benefits. The trial court granted the petition-

er's motion to strike and dismiss, finding, among other things, that the respondent accepted the benefits of the settlement agreement. This timely appeal followed.

On appeal, the respondent claims that the trial court lacked subject matter jurisdiction over the legal separation proceedings because the parties were already divorced. The petitioner contends that the respondent has waived the argument or is estopped from challenging the trial court's subject matter jurisdiction.

■ Before addressing these arguments, we consider our standard of review. The parties disagree about the proper standard to apply. The respondent claims that we should invoke a *de novo* standard of review because, among other things, the essential issue raised on appeal is whether the trial court had subject matter jurisdiction over the proceedings. See *In re Marriage of Devick*, 315 Ill. App. 3d 908, 912 (2000). The petitioner argues that we should employ an abuse of discretion standard because, among other things, a trial court's decision whether to recognize a foreign judgment is discretionary. See *Ransom v. A.B. Dick Co.*, 289 Ill. App. 3d 663, 669-70 (1997). We determine that the standard of review is *de novo* because the issue raised is whether the trial court had subject matter jurisdiction over the legal separation proceedings. See *In re Marriage of Adamson*, 308 Ill. App. 3d 759, 764 (1999).

■ We next address the petitioner's waiver and estoppel arguments. We will first consider the petitioner's claim that the respondent has waived challenging the trial court's lack of subject matter jurisdiction because she participated in the proceedings without objection. A judgment entered by a court that lacked subject matter jurisdiction is void and may be attacked at any time and in any proceeding. *Adamson*, 308 Ill. App. 3d at 764. When subject matter jurisdiction is lacking, it cannot be conferred by stipulation, consent, or waiver. *Adamson*, 308 Ill. App. 3d at 764; see also *In re Marriage of Alush*, 172 Ill. App. 3d 646, 651-52 (1988) (noting that wife could challenge trial court's jurisdiction over contempt proceedings even though wife responded to husband's petition for a rule to show cause). Given these well-established rules, we determine that the petitioner's waiver argument lacks merit.

■ Before considering the petitioner's estoppel argument, we note that the special concurrence recites the test for collaterally attacking a void judgment that was delineated in the Restatement (Second) of Judgments § 12 (1982). Our supreme court mentioned this test in *In re Marriage of Mitchell*, 181 Ill. 2d 169, 176 (1998), but specifically stated that it was not adopting that test in lieu of the traditional view, which provides that void judgments may be attacked at any time,

either directly or collaterally. *Mitchell*, 181 Ill. 2d at 177. Because the Restatement has not been adopted by our supreme court, it is not the law and merely provides guidance. See *Ziemba v. Mierzwa*, 142 Ill. 2d 42, 49 (1991). As such, we believe that the traditional view is the current law and that void judgments may be collaterally attacked.

■ We now consider whether the respondent is estopped from claiming that the trial court's order for a legal separation, which incorporated the parties' settlement agreement, was void for lack of subject matter jurisdiction. In general, estoppel does not apply to void orders. *Cash v. Maloney*, 402 Ill. 528, 536 (1949). However, in dissolution proceedings, a party who accepts the benefits of a divorce decree may be estopped from later challenging the order even if the challenge involves a claim that the order is void because the trial court lacked subject matter jurisdiction to enter it. See *In re Marriage of Yelton*, 286 Ill. App. 3d 436, 442 (1997); *In re Marriage of Schlam*, 271 Ill. App. 3d 788, 793 (1995); *In re Marriage of Monken*, 255 Ill. App. 3d 1044, 1047 (1994).

The question then becomes whether receiving maintenance and other financial benefits of a legal separation order amounts to "accepting benefits" as used in the estoppel rule. "Accepting benefits" is most often applied in cases where a party remarries in reliance on a divorce decree. See, *e.g.*, *In re Marriage of Gryka*, 90 Ill. App. 3d 443, 446, 449 (1980) (noting that remarriage in reliance on valid divorce decree is accepting benefit). In those instances, the rule is frequently called "estoppel by remarriage." *Schlam*, 271 Ill. App. 3d at 793. History suggests, however, that application of this estoppel rule is not limited to situations where at least one of the parties remarries. For example, courts have concluded that "accepting benefits" can include accepting financial benefits of a dissolution or separation order. See, *e.g.*, *Henley v. Houck*, 49 Ill. App. 2d 472, 474-76 (1964) (holding that wife, who remarried and accepted various financial benefits of divorce decree, was estopped from attacking decree's validity); *Guelzo v. Guelzo*, 292 Ill. App. 151, 156 (1937) (concluding that wife was estopped from vacating divorce decree on grounds that the parties cohabitated after separating because she accepted the financial benefits of parties' settlement agreement into which she and the husband entered). In fact, the court in *McDonald v. Neale*, 35 Ill. App. 2d 140, 143-44 (1962), which is perhaps the seminal Illinois case on this estoppel rule, held that the wife was estopped from challenging the divorce decree because, not only did she remarry 11 years after the divorce, she also accepted the proceeds of the parties' settlement agreement.

Turning to the facts presented in this case, we hold that the respondent is estopped from attacking the legal separation order,

which incorporated the parties' settlement agreement, because she benefitted from the order. Specifically, in June 1997, the respondent signed the settlement agreement, which gave her, among other things, a set amount of maintenance and a portion of the petitioner's pension with a survivor's annuity. The trial court entered the order for a legal separation on November 5, 1997, and incorporated into that order the settlement agreement. Although the respondent did not attend any of the proceedings for the legal separation, she was properly served with notice.

Despite knowledge of the Canadian divorce order and the Illinois proceedings for a legal separation, the respondent never timely challenged the trial court's subject matter jurisdiction. She never objected to the trial court's jurisdiction over the matter during the proceedings, she did not file a posttrial motion challenging the trial court's subject matter jurisdiction within 30 days after entry of the legal separation order, and she did not appeal the legal separation order. Instead of taking any of these steps, the respondent, who has never denied that she received financial benefits of the legal separation order, waited five years after the order was entered before she sought to vacate it. These same types of factors were considered in *Yelton*, and we determine that they are equally applicable here. See *Yelton*, 286 Ill. App. 3d at 442-43.

The special concurrence asserts that the acceptance of benefits cannot be purely financial. We disagree. Courts have recognized that the estoppel rule is a combination of estoppel and ratification. See *In re Marriage of Paulius*, 131 Ill. App. 3d 343, 348 (1985). Since 1867, the law in Illinois has prohibited a party from accepting a decree for a money judgment and then seeking to reverse that judgment. *Paulius*, 131 Ill. App. 3d at 348. Based on this principle, courts have analogized the acceptance of financial benefits to the benefit of remarrying based on the validity of a divorce decree. *Paulius*, 131 Ill. App. 3d at 348. Given the beginnings of the estoppel rule, we believe that acceptance of financial benefits alone can be used to invoke the rule.

The special concurrence stresses that the estoppel rule has rarely been invoked when neither party remarries. In making this observation, the special concurrence quotes the policy behind the rule, which provides that the rights of children to a marriage and spouses of future marriages must be protected. However, the policy also serves to protect the parties to the dissolution proceedings. Specifically, "it is fundamentally and legally inconsistent for divorced parties to accept the benefits of a dissolution judgment, while later asserting the judgment granting them those benefits never existed as a matter of law." *Schlam*, 271 Ill. App. 3d at 794. Although spouses of future marriages

and children born into a marriage are typically the subject of cases involving the estoppel rule, that does not mean that the protection afforded the parties to the marriage should be unrecognized absent a remarriage. Rather, we believe the policy speaks to precisely the situation presented in this case and serves to protect people like the petitioner, who, for five years, provided financial benefits to the respondent pursuant to a judgment that the respondent now claims is void.

The respondent claims that the estoppel rule should not be invoked and relies on *Bratkovich v. Bratkovich*, 34 Ill. App. 2d 122 (1962). In *Bratkovich*, the parties were divorced in October 1957 and jointly sought to vacate that order more than 30 days after it was entered. *Bratkovich*, 34 Ill. App. 2d at 123-24. The trial court vacated the order in January 1958, and the parties lived as a married couple. *Bratkovich*, 34 Ill. App. 2d at 128-29. However, the relationship soon soured, and the husband, believing that the parties were married, petitioned to dissolve the marriage, which was granted.

Several years later, the husband petitioned to expunge the January 1958 order vacating the parties' first divorce decree. The trial court denied the petition, and the appellate court reversed, holding that the order vacating the divorce decree was void because it was entered more than 30 days after the decree. *Bratkovich*, 34 Ill. App. 2d at 129. On appeal, the wife argued that the husband was estopped from challenging the trial court's jurisdiction to vacate the divorce decree because the husband benefitted from the vacation of that order when he, among other things, did not pay her maintenance. *Bratkovich*, 34 Ill. App. 2d at 126. Although the appellate court recognized that estoppel will not apply "where the party attacking the decree for want of jurisdiction has accepted the benefits and privileges of the divorce decree by a remarriage, or where the other party has remarried and the intervening rights of third parties are affected," it refused to apply estoppel because the case did not fall within the rule's parameters. *Bratkovich*, 34 Ill. App. 2d at 127.

We agree with *Bratkovich* in that the situation in that case did not fall within the estoppel rule as it relates to remarriage. We also conclude that *Bratkovich* does not fit within the estoppel rule that applies outside of remarriage. Specifically, the husband was not accepting benefits of the divorce decree and was not attacking the validity of the divorce decree. To the contrary, the husband claimed that the divorce decree was valid and that the order vacating the decree was void. That is not the same set of circumstances that is presented in this case. Thus, we determine that the respondent's reliance on *Bratkovich* is misplaced.

The respondent also argues that "accepting the benefits of property and maintenance will not require that she be estopped in the absence of a showing that [the petitioner] would be prejudiced in any material way." In support of this argument, the respondent cites *In re Marriage of Reib*, 114 Ill. App. 3d 993 (1983). In *Reib*, the trial court found that the parties' debts far exceeded their assets. *Reib*, 114 Ill. App. 3d at 997. Based on this finding, the trial court ordered that the wife be given $32,500, once the marital residence was sold, and $800 per month in maintenance. On appeal, the wife argued that the trial court's division of property was inadequate because the evidence failed to reveal the value of the parties' assets. The appellate court agreed, noting that the value of several of the parties' substantial assets was not submitted to the trial court. *Reib*, 114 Ill. App. 3d at 998-1001.

In that context, the husband argued that the wife could not challenge the divorce decree because she accepted $800 per month in maintenance and $32,500 from the sale of the marital residence. The appellate court disagreed, noting that a party cannot attack a divorce decree after enjoying its benefits if the opposing party would be disadvantaged upon reversal of the dissolution order. *Reib*, 114 Ill. App. 3d at 1003. Given the undervaluation of the parties' assets and the paltry award the wife received, the appellate court stated that "[it could] hardly conclude that [the husband] was prejudiced in any material manner by reason of the payment of a portion of the proceeds from the sale of the home or the payment of maintenance." *Reib*, 114 Ill. App. 3d at 1003.

*Reib* clearly is inapplicable to this case. Specifically, we first note that *Reib* is factually distinguishable. Here, in contrast to *Reib*, the respondent is not accepting the dissolution of the parties' marriage while also claiming that the division of the parties' property is inequitable. Rather, the respondent contends that the entire order is void for lack of subject matter jurisdiction. Moreover, *Reib* involved a situation where the trial court's award greatly disadvantaged the wife. No similar evidence is presented here. More importantly, *Reib* is legally inapplicable. When a party accepts the benefits of a dissolution judgment, that party is estopped from challenging the judgment as void even in the absence of prejudice to the other party. *Schlam*, 271 Ill. App. 3d at 793; *In re Marriage of Paulius*, 131 Ill. App. 3d 343, 347-48 (1985).

Because we determine that the respondent is estopped from challenging the trial court's jurisdiction to enter the legal separation order and incorporate the settlement agreement, we will not address the other issues the parties raise on appeal.

Thus, for the reasons stated above, we affirm the judgment of the circuit court of Kane County.

Affirmed.

BYRNE, J., concurs.

JUSTICE KAPALA, specially concurring:

I agree with the majority's conclusion that respondent may not successfully challenge the trial court's subject matter jurisdiction. However, I believe that we need not reach the issue of estoppel to so conclude because I find that respondent cannot collaterally attack subject matter jurisdiction in this case. Therefore, I specially concur.

The majority states that "[a] judgment entered by a court that lacked subject matter jurisdiction is void and may be attacked at any time and in any proceeding. [Citation.]" 349 Ill. App. 3d at 897. However, the rule is different when, as in this case, a party is attempting to collaterally attack the trial court's subject matter jurisdiction. *In re Marriage of Hulstrom*, 342 Ill. App. 3d 262, 271 (2003). In *Hulstrom*, this court, in discussing our supreme court's decision in *In re Marriage of Mitchell*, 181 Ill. 2d 169 (1998), held:

> " 'When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:
>
> (1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or
>
> (2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or
>
> (3) The judgment was rendered by a court lacking the capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.' " (Emphasis omitted.) *In re Marriage of Hulstrom*, 342 Ill. App. 3d at 271, quoting Restatement (Second) of Judgments § 12 (1982).

In this case, respondent is attempting to attack the trial court's subject matter jurisdiction five years after the petition for legal separation was granted. Respondent's attack was a petition brought under section 2—1401(f) of the Code of Civil Procedure (735 ILCS 5/2—1401(f) (West 2002)). A petition brought under section 2—1401 is considered a separate legal proceeding, not a continuation of the old

proceeding. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002). As such, respondent is attempting to collaterally attack the trial court's subject matter jurisdiction. See *In re Marriage of Hulstrom*, 342 Ill. App. 3d at 270. Thus, our holding in *Hulstrom* would prohibit such a collateral attack unless one of the three exceptions is met. I do not believe that any of the exceptions is applicable in this case.

As to the first exception, I do not believe that the subject matter of this case was plainly beyond the jurisdiction of the trial court. The Canadian divorce decree could be acknowledged under principles of comity and the decision to recognize the decree would be in the discretion of the trial court. See *In re Marriage of Kohl*, 334 Ill. App. 3d 867, 881 (2002). Thus, absent an abuse of discretion, the trial court need not have recognized the Canadian decree, and jurisdiction would have been proper in the trial court. As such, I cannot say that the subject matter of this case was plainly beyond the jurisdiction of the trial court or that the trial court's exercise of jurisdiction was a manifest abuse of authority.

Next, I do not find that the second exception is met. The trial court's judgment did not overrule or reverse the Canadian divorce. In fact, the trial court's decision incorporating the marital settlement agreement merely supplemented the Canadian divorce decree by deciding the unresolved issues. I do not find that such a supplementation amounts to infringing upon the authority of the Canadian court.

Finally, the trial court had all facts before it that were necessary to determine whether it had jurisdiction. Petitioner testified in the trial court proceedings and acknowledged the Canadian divorce decree. Therefore, the trial court was well aware of the decree and chose to exercise jurisdiction. There is no other lack of knowledge alleged by respondent and, thus, the third exception is inapplicable.

Accordingly, as our holding in *Hulstrom* is controlling and none of the exceptions are applicable, I would hold that respondent cannot collaterally attack subject matter jurisdiction in this case. Therefore, I would not rely on estoppel to resolve this case. I note that the majority contends that in *Mitchell* our supreme court elected not to adopt the Restatement rule enunciated in *Hulstrom*. I disagree. The court in *Mitchell* simply stated that "[t]he parties do not ask us to adopt the rule expressed in the Restatement, however, and therefore we need not decide in this case whether to take that step." *In re Marriage of Mitchell*, 181 Ill. 2d at 177. Thus, I find that *Mitchell* gives no insight regarding our supreme court's opinion as to whether the Restatement rule should be adopted. I believe that this court's application of the Restatement rule in *Hulstrom* makes the rule the law in this district.

The majority provides no reasoning why we should not follow our own precedent as established in *Hulstrom*, but instead simply chooses to follow the traditional rule. Absent some reasoning for doing so, I decline to diverge from our precedent.

Moreover, were I to address the estoppel issue, I would find that its application is inappropriate here. It is true that courts have used the doctrine of estoppel by remarriage to bar parties from challenging the subject matter jurisdiction of the trial court. See, *e.g., In re Marriage of Yelton*, 286 Ill. App. 3d 436, 442-43 (1997). The majority cites several cases and concludes that acceptance of benefits alone is sufficient to estop respondent from raising subject matter jurisdiction. However, all of the cases cited by the majority, except one, involved situations in which at least one party had remarried or the doctrine was found to be inapplicable. *In re Marriage of Schlam*, 271 Ill. App. 3d 788, 793-94 (1995); *In re Marriage of Paulius*, 131 Ill. App. 3d 343, 345 (1985); *In re Marriage of Gryka*, 90 Ill. App. 3d 443, 445 (1980); *Henley v. Houck*, 49 Ill. App. 2d 472, 475 (1964); *McDonald v. Neale*, 35 Ill. App. 2d 140, 150-51 (1962); *Guelzo v. Guelzo*, 292 Ill. App. 151, 155-56 (1937). But see *In re Marriage of Yelton*, 286 Ill. App. 3d at 442-43 (finding that estoppel was applicable in the absence of a remarriage because dissolution decree allowed petitioner to avoid responsibility for respondent's ongoing medical expenses and, thus, petitioner had accepted the benefits of the dissolution decree). I believe that the doctrine of estoppel by remarriage should be limited only to those situations where at least one party has remarried.

In my opinion, the policy grounds behind the estoppel by remarriage doctrine support my conclusion. It has long been recognized that the rule of estoppel in marriage cases is "founded upon the public policy of protecting the marital status and good character of innocent third persons, the legitimacy of children, and the rights and position of persons whose status has been finalized by decree of divorce." *McDonald*, 35 Ill. App. 2d at 151; see also *Henley*, 49 Ill. App. 2d at 475-76. Furthermore, in *Schlam*, this court discussed the policy reasons for this doctrine. *Schlam*, 271 Ill. App. 3d at 793-94. This court stated:

> "Estoppel by remarriage serves several purposes. It protects the marital status and character of third parties who marry believing their spouse has been granted a valid and final divorce. [Citation.] Estoppel by remarriage also ensures a child, one or both of whose parents divorced before remarrying, has the benefit of a lawfully married mother and father. [Citation.] Finally, estoppel by remarriage protects the rights of other persons whose rights have been finalized by the dissolution judgment. [Citation.] Two policies underlie these considerations. First, the rights and position of a

third party dependent on the validity of a dissolution judgment should not be put in jeopardy by a motion to vacate. Second, it is fundamentally and legally inconsistent for divorced parties to accept benefits of a dissolution judgment, while later asserting the judgment granting them those benefits never existed as a matter of law." *Schlam*, 271 Ill. App. 3d at 793-94.

In other words, the importance of the institution of marriage, and all the rights and responsibilities concomitant with the institution, outweigh the importance of ensuring the integrity of judgments. I simply do not believe that there are similar policy concerns in this case where the benefits accepted did not involve remarriage but were simply financial. The jurisdiction of a court is fundamental to the court's ability to render a decision. *Du Page County Election Comm'n v. State Board of Elections*, 345 Ill. App. 3d 200, 205 (2003). I do not believe that we should foreclose attacks upon void judgments simply because financial benefits of a transaction were accepted.

The majority comments that the precedent for applying estoppel when financial benefits are present is long established. I once again reiterate that in all but one of the cases cited by the majority there was a remarriage and, thus, the facts of those cases differ in a material sense from this case. Furthermore, an award of financial benefits can easily be undone through repayment, whereas the ramifications when a remarriage is involved cannot be so easily resolved. Moreover, to the extent that the cases cited by the majority do stand for the proposition that financial benefits alone are sufficient to evoke estoppel, I disagree with such a holding for the reasons I have outlined above.

Furthermore, while I recognize that my analysis forecloses a collateral attack in this case, the majority's reasoning forecloses collateral attacks in marriage dissolution cases where such a foreclosure is not warranted. For example, in a case where the trial court adjudicated issues plainly beyond its jurisdiction, the reasoning I employed would allow the collateral attack, as the first exception enunciated in *Hulstrom* would be applicable. However, under the majority's approach, if a party accepted the financial benefits flowing from such a judgment, he would be estopped from challenging the judgment. In a nutshell, the majority's approach would let stand the judgment of a court, which was plainly without jurisdiction to enter the judgment, simply because money had changed hands. I believe that such a result is antithetical to the principle that the power of a court to render a decision is fundamental. Accordingly, I would not extend the concept of estoppel by remarriage to encompass the facts of this case, where the only benefit accepted is financial.