# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**In re Marriage of Price, 2013 IL App (4th) 120422**

---

| | |
|---|---|
| Appellate Court Caption | In re: the Marriage of JILL ANNE PRICE, Petitioner-Appellee, and MELVIN LEE PRICE, Respondent-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0422 |
| Filed | April 10, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In marriage dissolution proceedings where the respondent failed to make an equalization payment to petitioner within 90 days as ordered by the trial court, the trial court's assessment of interest on that judgment was upheld, even though respondent filed a notice of appeal from the order and argued that the interest order interfered with the appellate court's consideration of whether the trial court erred in ordering that the payment be made within 90 days of the judgment, since the assessment of interest was collateral to the issues raised in respondent's appeal |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, No. 07-D-361; the Hon. Karen E. Wall, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Steven L. Blakely and Nicolas Boileau, both of Acton & Snyder, LLP, of Danville, for appellant.

Kevin M. Colombo, of Saikley, Garrison, Colombo & Barney, LLC, of Danville, for appellee.

Panel

JUSTICE KNECHT delivered the judgment of the court, with opinion.

Presiding Justice Steigmann and Justice Turner concurred in the judgment and opinion.

## OPINION

¶ 1    In June 2011, the trial court dissolved the marriage of petitioner, Jill Anne Price, and respondent, Melvin Lee Price, but reserved all other issues pending between the parties except the grounds of dissolution. On October 18, 2011, the court entered its supplemental order resolving all issues then pending between the parties. In February 2012, following the denial of his posttrial motion, Melvin filed a motion for stay of judgment pending his appeal and a notice of appeal in case No. 4-12-0155. On February 27, 2012, Jill filed a motion to dismiss Melvin's motion for stay of judgment, or in the alternative, to require Melvin to pay an appeal bond. She also asked for interest to be assessed on the court's October 18, 2011, order. On February 29, 2012, Jill filed a petition for a finding of indirect civil contempt, or in the alternative, for enforcement of the court's October 18, 2011, supplemental order. During an April 5, 2012, hearing on the motions, the court orally ordered interest on the money judgment to commence on January 18, 2012 (90 days after its October 18, 2011, supplemental order).

¶ 2    Melvin appeals, docketed as No. 4-12-0422, arguing the trial court lacked jurisdiction to modify its October 18, 2011, supplemental order. We affirm.

## I. BACKGROUND

¶ 4    On June 13, 2011, the trial court entered an order dissolving the marriage of Jill and Melvin while reserving all other issues pending between the parties except the grounds of dissolution. On October 18, 2011, the court entered its supplemental order to the dissolution judgment resolving all issues then pending between the parties. Because the facts surrounding the parties' dissolution and procedural history were discussed in length in this court's opinion on Melvin's first appeal, *In re Marriage of Price*, 2013 IL App (4th) 120155, we will only discuss the facts necessary for the disposition of the instant appeal.

¶ 5    On February 23, 2012, Melvin timely filed his notice of appeal in case No. 4-12-0155 in

which he argued the trial court erred in awarding Jill the following: (1) $7,500 per month in permanent maintenance; (2) $15,000 toward her attorney fees; and (3) an equalization payment of $330,275.10 within 90 days of the judgment. Also on February 23, 2011, Melvin filed a motion for stay of judgment pending his appeal. On February 27, 2012, Jill filed a motion to dismiss Melvin's motion for stay of judgment, or in the alternative, to require Melvin to pay an appeal bond. In this motion, Jill also asked for interest to be assessed on the court's October 18, 2011, supplemental order. On February 29, 2012, Jill filed a petition for a finding of indirect civil contempt, or in the alternative, for enforcement of the court's supplemental order.

¶ 6        On April 5, 2012, while Melvin's appeal was pending in case No. 4-12-0155, the trial court conducted a hearing on these motions. At the conclusion of the hearing, the court stayed the equalization payment and ordered Melvin to post bond in the amount of 125% of the amount stayed within 45 days. Over defense counsel's objection, the court also ordered interest on the money judgment to commence to run 90 days after the October 18, 2011, supplemental order to judgment of dissolution of marriage. According to a May 24, 2012, docket entry, Melvin informed the court he would not be obtaining an appeal bond and requested the court reconsider. The court denied his request to reconsider.

¶ 7        This appeal followed.


¶ 8                                    II. ANALYSIS

¶ 9        Melvin argues the trial court lacked jurisdiction to enter its April 5, 2012, order modifying the terms of the October 18, 2011, supplemental order to judgment of dissolution of marriage because he filed a notice of appeal on February 23, 2012. We disagree.

¶ 10       We review *de novo* whether the trial court had jurisdiction to enter its April 5, 2012, order. *In re Marriage of Chrobak*, 349 Ill. App. 3d 894, 897, 811 N.E.2d 1248, 1251-52 (2004).

¶ 11       Generally, once a notice of appeal is filed, the trial court is divested of jurisdiction to enter any order involving a matter of substance and the appellate court's jurisdiction attaches immediately. *In re Marriage of Petramale*, 102 Ill. App. 3d 1049, 1052, 430 N.E.2d 569, 572 (1981). Thus, the trial court is prohibited from entering any order which would change or modify the judgment or its scope or which would interfere with review of the judgment. *Id.* at 1052-53, 430 N.E.2d at 572. However, the trial court retains jurisdiction to determine matters arising independent of and collateral to its judgment. *Id.* at 1053, 430 N.E.2d at 572. " 'Collateral or supplemental matters include those lying outside the issues in the appeal or arising subsequent to delivery of the judgment appealed from.' " *Moenning v. Union Pacific R.R. Co.*, 2012 IL App (1st) 101866, ¶ 22, 966 N.E.2d 443 (quoting *Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066, 1073, 504 N.E.2d 1305, 1310 (1987)).

¶ 12       In this case, Melvin argues the trial court's order of interest against the $330,275.10 equalization payment interferes with this court's review on appeal of whether the trial court erred in ordering him to pay the equalization payment within 90 days of the judgment. Melvin asserts the issue of interest is directly dispositive of this court's determination of whether the equalization payment should be upheld in case No. 4-12-0155. We disagree.

¶ 13       Interest generally begins to accrue from the date of a court's judgment until satisfied. 735 ILCS 5/2-1303 (West 2010). In this case, the trial court's October 18, 2011, supplemental order did not contain an award of interest. Melvin did not pay the money judgment within 90 days as originally ordered by the court, and the court retroactively ordered him to pay interest beginning on January 18, 2012. The court made it clear the award of interest was a penalty it was imposing because Melvin failed to comply with the trial court's judgment. The trial court's assessment of interest would not have affected our analysis of whether the trial court erred in ordering him to pay the equalization payment within 90 days–even if the interest was assessed prior to Melvin's notice of appeal. This issue is independent of and collateral to the issues raised in Melvin's direct appeal. See *Shapiro v. Shapiro*, 113 Ill. App. 2d 374, 382, 252 N.E.2d 93, 98 (1969) (finding the circuit court retained jurisdiction to enter postdecree orders while the appeal was pending because the orders did not affect the substantive issues on appeal). The circuit court retained jurisdiction to impose interest against the money judgment it originally entered in October 2011.

¶ 14                                    III. CONCLUSION
¶ 15       For the reasons stated, we affirm.

¶ 16       Affirmed.